David Versfelt (DV 8935)
Elizabeth M. Harris (EH 4368)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
599 Lexington Avenue
New York, New York 10022
Telephone: 212.536.3900
Facsimile: 212.536.3901

Attorneys for Defendant Kate's Paperie

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

    KOLO, LLC,                  :

                         Plaintiff,     :

                           :    07 Civ. 10653 (CM)

               v.             :

                           :    **NOTICE OF MOTION**

                         :    **ORAL ARGUMENT REQUESTED**

    KATE'S PAPERIE, LTD.,     :

                     Defendant.   :

-------------------------------------------------------X

**PLEASE TAKE NOTICE** that Defendant Kate's Paperie, Ltd., upon the

Memorandum of Law in Support of Motion by Defendant Kate's Paperie, Ltd. To Dismiss

Counts One Through Four and Nine of the Complaint, the Affirmation of David S. Versfelt dated

December 28, 2007, and related papers, will move this Court, pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure, to dismiss the First, Second, Third, Fourth and Ninth Claims of

the Complaint.  The motion shall be made before the Honorable Colleen McMahon, at the United

States District Court for the Southern District of New York, Room 640, 500 Pearl Street, New

York, N.Y. 10007, as soon as counsel can be heard, for an Order dismissing counts one through

four and nine of the complaint filed in the above-captioned matter.

        **PLEASE TAKE FURTHER NOTICE** that, pursuant to Judge McMahon's

Individual Practices, answering papers, if any, must be served within fourteen days after receipt

of the moving papers, and any reply papers shall be served within five business days after service

of the answering papers.

Dated: New York, New York
          December 28, 2008

                    Respectfully submitted,

                    David S. Versfelt (DV-8935)
                    Elizabeth M. Harris (EH 4368)

                    KIRKPATRICK & LOCKHART
                     PRESTON GATES ELLIS LLP
                    599 Lexington Avenue
                    New York, NY  10022-6030
                    (212) 536-3900
                    *Attorneys for Defendant*

# EXHIBIT A

# Letter of Intent

between

## Kate's Paperie LTD and Affiliates.,

hereinafter named "Kate's"
and

## Kolo Retail, LLC,

hereafter named "Kolo"

The following confirms the understanding, but is not a binding agreement or contract, for which the parties have agreed to in principal to enter into a contract hereinafter called ("Agreement") for Kolo to acquire an equity interest in Kate's, to design and conduct a reorganization plan, and to provide additional capital financing for the long-term growth of Kate's. It is intended that the parties will enter into a formal binding agreement on the following terms of the contract within a reasonable time period.

1. **Reorganization Plan** – Kolo will provide workout and management services to assist Kate's in reorganizing it's financial and operational condition. Kolo will provide personnel to assist in designing and implementing a financial and operational re-organizational plan. Kolo will also agree to assist in re-negotiating the current debt in order to immediately generate additional shareholder value.

2. **Financing** – Kolo will arrange a line of credit of up to $1,500,000, secured by both the assets of Kolo and Kate's, to support the future working capital needs of Kate's. Such line of credit will be secured on both Kate's inventory and other assets of Kolo. After such time, whereby Kate's has showed signs of financial improvement, has made significant process improvements to operations, designed a five year growth plan, Kolo will provide additional capital to arrange for the payoff of both investor notes now held by both Leonard Flax and David Flax. The terms and conditions of such notes will be negotiated at a later date.

3. **Compensation** - In consideration for providing the above mentioned workout and management services, Kolo will acquire an immediate 20% interest in Kate's. In consideration for arranging the credit facility, mentioned above, an additional equity interest will be conveyed to Kolo at the time the line of credit is secured. The amount of equity conveyed to Kolo, will be determined based on the following formula;

   a) Every $500,000 of financing available to Kate's will equal 10% of equity in the company (but will be capped at 49% including the 20% interest paid for the re-organizational services listed above).

4. **Operating Agreement** - A new Kate's Paperie, LTD operating agreement, will be establish for the Kate's and Kolo partnership. This operating agreement shall be agreed upon by both parties at the time this Agreement is executed.  The operating agreement will stipulate the following major terms;

   a) A first right of refusal will be granted to all parties for the sale of stock and for the pre-emptive purchase of any additional stock.
   b) The company will be required to pay income taxes on behalf of each member of the LLC in the event that there is a tax liability generated by the profits of the company.
   c) The following major decisions will require supermajority vote (i.e. two-thirds of the members with voting rights);

      i) Sale, merger, dissolution, or a bankruptcy filing of the company.
      ii) The sale and or issuance of additional stock.
      iii) Additional required capital contributions.
      iv) Acquisition of any real property.
      v) Capital expenditures over $10,000.
      vi) A decision to incur debt in excess of $50,000.
      vii) A decision to sell substantially all of the assets, including but not limited to, inventory and other intangible assets.

5. **Confidentiality** - Both parties agree to keep all information about the terms of this Agreement confidential. Both parties also acknowledge that they have signed a Mutual Confidentiality Agreement prior to entering into this Agreement stating to keep all information confidential.

6. Kate's will not, directly or indirectly, through any member, stockholder, employee, officer, director, agent or otherwise, (i) solicit or initiate, directly or indirectly, or encourage submission of inquiries, proposals, or offers from any potential counterparty to a transaction (other than Kolo) relating to the disposition of the assets or securities of Kate's, or any part thereof (other than sales of inventory in the ordinary course) or (ii) participate in any discussions or negotiations regarding, or furnish to any person any information with respect to, the disposition of the assets or any securities of Kate's or any part thereof; prior to September 30, 2007.

By signing below each party agrees and conscents to the above mention terms and agrees to  act in good faith to complete the negotiations for addtional terms which will be set forth in the Agreement.

Kolo Retail, LLC

By it's    President.                          Date 8/2/07

Kate's Paperie LTD and Affilitates

By it's                                        8/2/07
          President.                           Date

# EXHIBIT B

Letter of Intent

between

**Kate's Paperie LTD and Affiliates.,**

hereinafter named "Kate's"
and

**Kolo Retail, LLC,**

hereafter named "Kolo"

The following confirms the understanding for which the parties have agreed to in principal to enter into a contract hereinafter called ("Agreement") for Kolo to lease retail space from Kate's Paperie, LLC and to operate a retail store within each of three Kate's stores. It is intended that the parties will enter into a more formal agreement on the following terms of the contract within a reasonable time.

1. **Locations and Demised Premises** - Kate's commits to Kolo to provide rental space in the following three of it's Manhattan, NY locations; Spring Street, 3rd Avenue, and 57th Street. Kolo Retail, LLC is hereby committing to displaying and selling products only within the dedicated space. The size of each location shall vary between 250 square feet to 450 square feet. The attached Addendum (A) defines the agreed upon space at the Spring Street Store. Layout and drawings showing such dedicated space is attached hereto in Addendum (A). Together with and at the same time as this Agreement is entered into, the parties will also conclude a rental agreement, and Kate's will provide Kolo a consent from the current landlord(s) for such rights to sub-lease.

2. **Fixtures, Furnishings & Equipment** - Fixtures, furnishings and equipment such as displays, computers, tables, etc. shall be completely provided by and owned by Kolo. Other improvements or build out shall be discussed and agreed upon between the parties at a later date.

3. **Commencement** - The commencement of the first Kolo retail store within the Kate's store concept will begin on or around June 1$^.$ 2007 located on Spring Street. The other locations, 3rd Avenue and 57th Street, will commence approximately one month thereafter. Both parties shall begin discussions to come to a mutual agreement to the specific locations for the 3rd Avenue and 57th Street locations by June 1, 2007. Notwithstanding the above, should both parties fail to mutually agree to the locations of the other Kate's stores then Kolo shall have the right to terminate the Agreement, vacating the Spring Street location, by giving a 30 day notice to Kate's.

4. *Staff and Payroll Expenses* - Kolo shall provide its own representatives, employees and staff to operate each store within Kate's store. Both parties have agreed that in the event it becomes necessary to utilize Kate's staff, whether on a part-time or full-time basis, Kolo shall reimburse Kate's for any payroll expenses.

5. **Inventory** - Upon commencement of each location, starting with the Spring Street location, Kolo will agree to accept responsibility of the current inventory that Kate's provides to Kolo for that location. All inventory must be in saleable condition when provided by Kate's. At the time of commencement, for each additional store, Kolo will issue a credit memo to Kate's for receiving such qualified inventory.

6. **Insurance** - Kolo will agree to insure all contents inside the demised premises.

7. **Compensation** - Each location shall have its own profit and loss projections and compensation schedule which will describe the amount to be paid to Kate's. It is agreed that each compensation schedule will be attached as an additional addendum and made apart of the Agreement. The compensation schedule for Spring Street is also attached hereto in Addendum (A). Kolo shall compensate Kate's according to the compensation schedule set forth in Addendum (A) for the Spring Street location and according to future addendums for the other locations as they are agreed upon. Each location shall have its own projections and compensation schedule which shall describe the amount to be paid to Kate's. It is agreed that each compensation schedule will be attached as an additional addendum and made apart of the Agreement. Compensation to Kate's will be in the form of base rental income plus an additional royalty income which formula is also set forth in the compensation schedule and attached to the Agreement.

8. **Term** - The term of each sub-lease will be for one year from the commencement date. Kolo shall retain the right to renew each sub-lease for an additional one year period, and each year thereafter as it becomes due by giving 60 day notice to Kate's prior to the termination date.

9. **Confidentiality** - Both parties agree to keep all information about the terms of this Agreement confidential. Both parties also acknowledge that they have signed a Mutual Confidentiality Agreement prior to entering into this Agreement stating to keep all information confidential.

By signing below each party agrees and conscents to the above mention terms and agrees to act in good faith to complete the negotiations for addtional terms which will be set forth in the Agreement.

## Kolo Retail, LLC

_____
By it's                                    Date

## Kate's Paperie LTD and Affilitates

_____
By it's                                    Date



SOHO floor plan



SOHO layout proposal (Illustration #1)



SOHO layout proposal (illustration #2)

# EXHIBIT C

Frank J. Ciano, Esq. (FJC – 4981)
Robert Varga, Esq. (RV – 0636)
GOLDBERG SEGALLA LLP
*ATTORNEYS FOR PLAINTIFF*
*KOLO, LLC*
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
Tel: (914) 798-5410
Fax: (914) 798-5401
fciano@goldbergsegalla.com
rvarga@goldbergsegalla.com

NOV ?  2007

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KOLO, LLC,<br><br>              Plaintiff,<br><br>-against-<br><br>KATE'S PAPERIE, LTD.,<br><br>              Defendant. | **Plaintiff Demands**<br>**a Jury Trial**<br><br>JUDGE McMahon<br><br>**COMPLAINT**<br><br>Civ<br>'07 CIV 10653 |

Plaintiff, by its attorneys, GOLDBERG SEGALLA LLP, complaining of the defendant,
alleges upon information and belief as follows:

## PARTIES

1.    The Plaintiff, KOLO, LLC (hereinafter "KOLO"), a Delaware limited liability
company with a business location at 241 Asylum Street, Hartford, Connecticut 06103, is in the
business of selling, on a retail and wholesale basis, photo presentation and storage products,
including photo albums, storage boxes, journals and accessories its customers..

2.    The Defendant, KATE'S PAPERIE, LTD. (hereinafter "KATE'S PAPERIE"), a
domestic company organized and existing by virtue of the laws of the state of New York with a
principal business located at 1633 Broadway, New York. New York 10019, is in the business of

selling, on a retail basis, paper, journals, desk accessories, photo albums, frames, ribbon, giftwrap, and planners.

3.    The Defendant, KATE'S PAPERIE, a domestic company organized and existing by virtue of the laws of the state of New York with a principal business located in New York County, is in the business of selling, on a retail basis, paper, journals, desk accessories, photo albums, frames, ribbon, giftwrap, and planners.

4.    On or about August 2, 2007, the parties entered into an agreement whereby KATE'S PAPERIE agreed to provide KOLO with an immediate 20% interest in KATE'S PAPERIE in consideration for KOLO providing workout and management services to KATE'S PAPERIE (hereinafter the "Agreement").

## JURISDICTION

5.    The amount in controversy herein exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

6.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 (diversity of citizenship).

7.    Venue is proper within this District pursuant to 28 U.S.C. §1391(a).

## BACKGROUND

8.    Said workout and management services were to be provided by KOLO to assist KATE'S PAPERIE in reorganizing its financial and operational condition.

9.    Further, pursuant to the Agreement, KATE'S PAPERIE agreed to keep all information regarding the terms of the Agreement confidential, and that prior to September 30, 2007, it would not:

a. Directly or indirectly, solicit, initiate or encourage the submission of offers from any party other than KOLO in connection with the disposition of the assets and securities of KATE'S PAPERIE; or

b. Participate in any discussions or negotiations or furnish to any party any information with respect to the disposition of the assets or securities of KATE'S PAPERIE.

10. On the basis of the Agreement, KOLO proceeded in good faith by providing the aforementioned workout and management services in anticipation of acquiring an immediate 20% interest in KATE'S PAPERIE.

11. Despite the agreed upon terms of the Agreement, KATE'S PAPERIE has refused to assign KOLO a 20% interest in KATE'S PAPERIE.

12. In addition, KATE'S PAPERIE engaged in discussions with third parties in which it disclosed some or all of the terms of the Agreement, in which it solicited offers for its assets or securities, and in which it negotiated with respect to the disposition of its assets or securities, all in violation of the terms of the Agreement.

## AS AND FOR A FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)

13. KOLO has performed all of its obligations under the Agreement.

14. KATE'S PAPERIE has materially breached its contractual obligations, including but not limited to in one or more of the following ways:

a. By failing to provide KOLO with a 20% interest in KATE'S PAPERIE; and

b. By engaging in the aforementioned discussions relating to the terms of the Agreement and the sale or disposition of the assets or securities of KATE'S PAPERIE.

15.    As a result of the aforementioned conduct by KATE'S PAPERIE, KOLO has suffered financial damages, including but not limited to expenses incurred in connection with the workout and management services that it provided in anticipation of receiving a 20% interest in KATE'S PAPERIE.

16.    As a further result of the aforementioned conduct by KATE'S PAPERIE, the parties' ability to perform their obligations under the Agreement have been impeded because of the involvement of other parties seeking to negotiate for the purchase of the assets or securities of KATE'S PAPERIE.

17.    As a further result of the aforementioned breach by KATE'S PAPERIE, KOLO has foregone other investment opportunities, and incurred other financial losses, all to its loss and detriment.

18.    KOLO is willing and able to perform under the Agreement according to its obligations.

19.    Under these circumstances, KATE'S PAPERIE should be compelled to specifically perform its obligations under the Agreement, including without limitation the transfer of a 20% interest in KATE'S PAPERIE to KOLO.

20.    In the alternative, KATE'S PAPERIE should be compelled to pay KOLO damages.

## AS AND FOR A SECOND CAUSE OF ACTION
### (BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING)

21.    KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "20" as if each were more fully set forth at length herein.

22.    As part of its contractual relationship, KATE'S PAPERIE has a duty of good faith and fair dealing with KOLO.

23.    As a result of the foregoing actions, KATE'S PAPERIE has breached said duty of good faith and fair dealing, has manifested a clear and conscious design to mislead and deceive KOLO and has acted in bad faith.

24.    KATE'S PAPERIE has willfully and intentionally breached said duty.

25.    As a result of said breach of the duty of good faith and fair dealing, KOLO has suffered substantial damages, including but not limited to expenses incurred in connection with the workout and management services that it provided in anticipation of receiving a 20% interest in KATE'S PAPERIE.

26.    As a further result of the aforementioned breach of the duty of good faith and fair dealing by KATE'S PAPERIE, KOLO was forced to forego other investment opportunities, and incur other financial loss, all to its loss and detriment

27.    As a further result of the breach by KATE'S PAPERIE, KOLO has been irreparably harmed and has no adequate remedy at law.

## AS AND FOR A THIRD CAUSE OF ACTION
## (PROMISSORY ESTOPPEL)

28.    KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "27" as if each were more fully set forth at length herein.

29.    KATE'S PAPERIE made a clear and definite promise to KOLO that it would convey to it a 20% interest in accordance with the terms of the Agreement.

30.    In reasonable and foreseeable reliance on this promise, KOLO incurred significant expenses in connection with the workout, management and other services it provided.

31.    KATE'S PAPERIE reasonably could have expected that its promise would induce KOLO's reliance on it.

32.    KOLO relied on KATE'S PAPERIE's promise to its detriment, resulting in costs, expenses and other economic damages, including but not limited to expenses incurred in connection with the workout, management and other services it provided.

33.    If KATE'S PAPERIE's agreement to abide by the terms of the contract is not enforced, an injustice will occur.

34.    As a result of the breach by KATE'S PAPERIE's, KOLO has been irreparably harmed and has no adequate remedy at law.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (BREACH OF IMPLIED CONTRACT)

35.    KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "34" as if each were more fully set forth at length herein.

36.    The KATE'S PAPERIE expressed its assent to the terms and conditions of the Agreement by allowing certain pre-closing activities to occur.

37.    KATE'S PAPERIE thereafter breached the Agreement, which was implied in fact, by failing to consummate the transactions contemplated by the Agreement.

38.    As a result of the breach by the defendants, KOLO has been irreparably harmed and has no adequate remedy at law.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (BREACH OF CONTRACT)

39.     KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "38" as if each were more fully set forth at length herein.

40.     On or about May 31, 2007, the parties entered into an agreement whereby KATE'S PAPERIE agreed to provide KOLO with rental space to operate a retail store within three KATE'S PAPERIE stores located on Spring Street, 3rd Avenue, and 57th Street in Manhattan, New York (hereinafter the "Shop-in-Shop Agreement").

41.     Further, the Shop-in-Shop Agreement provided that KOLO would begin operating its first retail store within the KATE'S PAPERIE store located on Spring Street on or about June 1, 2007, with the other two locations opening shortly thereafter.

42.     Pursuant to the Shop-in-Shop Agreement, KOLO proceeded in good faith by opening its first retail store at the Spring Street location in anticipation of opening the other two locations shortly thereafter.

43.     Despite the agreed upon terms of the Shop-in-Shop Agreement, KATE'S PAPERIE has refused to provide KOLO with rental space in its stores located on 3rd Avenue and 57th Street.

44.     KOLO has performed all of its obligations under the Shop-in-Shop Agreement.

45.     KATE'S PAPERIE has materially breached its contractual obligations by failing to provide KOLO with rental space in the KATE'S PAPERIE stores located on 3rd Avenue and 57th Street.

46. As a result of the aforementioned conduct by KATE'S PAPERIE, KOLO has suffered financial damages, including but not limited to expenses incurred in connection with the opening of a retail store within the KATE'S PAPERIE store located on Spring Street.

47. As a further result of the aforementioned breach by KATE'S PAPERIE, KOLO has foregone other investment opportunities, and incurred other financial loss, all to its loss and detriment.

48. KOLO is willing and able to perform under the Shop-in-Shop Agreement according to its obligations.

49. Under these circumstances, KATE'S PAPERIE should be compelled to specifically perform its obligations under the Shop-in-Shop Agreement, including without limitation providing KOLO with rental space at the KATE'S PAPERIE stores located on 3rd Avenue and 57th Street.

50. In the alternative, KATE'S PAPERIE should be compelled to pay KOLO damages.

51. KOLO stands ready, willing, and able to perform the terms of the Agreement and to consummate the transactions contemplated therein.

52. KATE'S PAPERIE refuses to perform and is in breach of its obligations under the terms and conditions of the Agreement.

53. As a result of the breach by the defendants, KOLO has been irreparably harmed and has no adequate remedy at law.

## AS AND FOR A SIXTH CAUSE OF ACTION
## (BREACH OF DUTY OF GOOD FAITH AND FAIR DEALINGS)

54.    KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "53" as if each were more fully set forth at length herein.

55.    As part of its contractual relationship, KATE'S PAPERIE has a duty of good faith and fair dealing with KOLO.

56.    As a result of the foregoing actions, KATE'S PAPERIE has breached said duty of good faith and fair dealing, has manifested a clear and conscious design to mislead and deceive KOLO and has acted in bad faith.

57.    KATE'S PAPERIE has willfully and intentionally breached said duty.

58.    As a result of said breach of the duty of good faith and fair dealing, KOLO has suffered substantial damages, including but not limited to expenses incurred in connection with the opening of a retail store within the KATE'S PAPERIE store located on Spring Street.

59.    As a further result of the aforementioned breach of the duty of good faith and fair dealing by KATE'S PAPERIE, KOLO was forced to forego other investment opportunities, and incur other financial loss, all to its loss and detriment.

60.    As a further result of the breach by KATE'S PAPERIE, KOLO has been irreparably harmed and has no adequate remedy at law.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## (PROMISSORY ESTOPPEL)

61.    KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "60" as if each were more fully set forth at length herein.

62.    KATE'S PAPERIE made a clear and definite promise to KOLO that it would provide KOLO with rental space at the KATE'S PAPERIE stores located on Spring Street, 3rd Avenue and 57th Street.

63.    In reasonable and foreseeable on this promise, KOLO incurred significant expenses in connection with the opening of a retail store within the KATE'S PAPERIE store located on Spring Street, in anticipation of opening additional retail stores at the other two locations shortly thereafter.

64.    KATE'S PAPERIE reasonably could have expected that its promise would induce KOLO's reliance on it.

65.    KOLO relied on KATE'S PAPERIE's promise to its detriment, resulting in costs, expenses and other economic damages, including but not limited to expenses incurred in connection with the opening of a retail store within the KATE'S PAPERIE store located on Spring Street, lost profits and loss of other business opportunities in monetary amounts that are difficult to assess and/or measure.

66.    If KATE'S PAPERIE's agreement to abide by the terms of the contract is not enforced, an injustice will occur.

67.    As a result of the breach by KATE'S PAPERIE, KOLO has been irreparably harmed and has no adequate remedy at law.

## AS AND FOR A EIGHTH CAUSE OF ACTION
### (BREACH OF IMPLIED CONTRACT)

68.    KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "67" as if each were more fully set forth at length herein.

69.     The KATE'S PAPERIE expressed its assent to the terms and conditions of the Shop-In-Shop Agreement by allowing certain pre-closing activities to occur.

70.     KATE'S PAPERIE thereafter breached the Shop-In-Shop Agreement, which was implied in fact, by failing to consummate the transactions contemplated by the Shop-In-Shop Agreement.

71.     As a result of the breach by the defendants, KOLO has been irreparably harmed and has no adequate remedy at law.

## AS AND FOR A NINTH CAUSE OF ACTION
## (UNJUST ENRICHMENT)

72.     KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "71" as if each were more fully set forth at length herein.

73.     The actions of KOLO as recited herein directly benefited and enriched Defendant.

74.     As a result of KATE PAPERIE's breaches as recited herein, KATE PAPERIE has been unjustly enriched in an amount to be determined at trial, plus interest, costs, and disbursements.

75.     KOLO further reserves its right to pursue quasi-contract theories of liability in the event, however unlikely, that KATE PAPERIE chooses to contest the validity of the Contract.

76.     As a result of the breach by the defendants, KOLO has been irreparably harmed and has no adequate remedy at law.

## AS AND FOR A TENTH CAUSE OF ACTION
### (BREACH OF CONTRACT)

77.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "76" as if each were more fully set forth at length herein.

78.    At various times between approximately December 15, 2006 and April 11, 2007, KOLO sold and delivered a variety of goods to KATE'S PAPERIE, including photo albums and related items and goods.

79.    KATE'S PAPERIE agreed to pay KOLO for the aforementioned goods, in a total amount of $29,177.57 on demand.

80.    KATE'S PAPERIE has not paid for the said goods and KOLO, LLC is entitled to damages for this breach.

WHEREFORE, the Plaintiff, KOLO, LLC, claims:

1.    Monetary damages;

2.    Order of specific performance directing the Defendant to transfer to KOLO, LLC a 20% interest in KATE'S PAPERIE, LTD., pursuant to the Agreement;

3.    Order of specific performance directing the Defendant to provide KOLO with rental space at the Defendant's stores located on 3rd Avenue and 57th Street in Manhattan, New York.

4.    Compensatory damages;

5.    Costs of collection; and

6.    Such other and further equitable relief as the court may deem appropriate.

Dated:  White Plains, New York
        November 27, 2007

By:_____

Frank J. Ciano, Esq. (FJC – 4981)
Robert Varga, Esq. (RV – 0636)
GOLDBERG SEGALLA LLP
*ATTORNEYS FOR PLAINTIFF*
*KOLO, LLC*
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
Tel: (914) 798-5410
Fax: (914) 798-5401
fciano@goldbergsegalla.com
rvarga@goldbergsegalla.com

93291.1