David S. Versfelt (DV 8935)
Elizabeth M. Harris (EH 4368)
KIRKPATRICK & LOCKHART
 PRESTON GATES ELLIS LLP
599 Lexington Avenue
New York, New York 10022
Telephone: 212.536.3900
Facsimile: 212.536.3901

Attorneys for Defendant Kate's Paperie, Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KOLO, LLC,                                          :
                                                    :
                              Plaintiff,            :
                                                    :
                v.                                  :          No.: 07-Civ.-10653 (CM)
                                                    :
                                                    :
                                                    :
KATE'S PAPERIE, LTD.,                               :
                                                    :
                              Defendant.            :
------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY
DEFENDANT KATE'S PAPERIE, LTD. TO DISMISS COUNTS
<u>ONE THROUGH FOUR AND NINE OF THE COMPLAINT</u>**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 1

FACTS ...................................................................................... 3

ARGUMENT ................................................................................. 5

I.    COUNTS I THROUGH IV FAIL AS A MATTER OF LAW
      BECAUSE THE ACQUISITION LOI IS A NON-BINDING
      PRELIMINARY AGREEMENT. ........................................................ 5

      A.    Kolo Cannot Maintain Its Breach Of Contract Claim Because The
            Parties Expressly Stated Their Right Not To Be Bound By The
            Acquisition LOI. ............................................................. 5

      B.    No Duty Of Good Faith And Fair Dealing Arose Because The
            Acquisition LOI Is A Non-Binding Preliminary Agreement. ................... 8

      C.    Plaintiff's Promissory Estoppel Claim Fails Because The
            Nonbinding Acquisition LOI Is Not A Clear And Unambiguous
            Promise. .................................................................... 9

      D.    No Implied Contract Arose Because The Acquisition LOI
            Expressly Covers The Same Subject Matter Alleged In The
            Complaint. .................................................................. 11

II.   COUNT IX FAILS AS A MATTER OF LAW BECAUSE  PLAINTIFF
      CANNOT RECOVER FOR A FAILED NEGOTIATION. ............................... 12

CONCLUSION ............................................................................ 13

i

## TABLE OF AUTHORITIES

### CASES

*Adjustrite Sys., Inc. v. GAB Business Sys., Inc.*, 145 F.3d 543 (2d Cir. 1998) ............5, 8, 9

*Allen v. Westpoint-Pepperell, Inc.*, 945 F.2d 40 (2d Cir. 1991) .........................................3

*American-European Art Ass'n v. Trend Galleries, Inc.*, 227 A.D.2d 170, 641
    N.Y.S.2d 835 (1st Dep't 1996).................................................................................8, 12

*Beekman Inv. Partners LP v. Alene Candles, Inc.*, 2006 WL 330232 (S.D.N.Y.
    Feb. 14, 2006) .................................................................6, 7, 8, 9, 10, 12, 13

*British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 342 F.3d 78 (2d Cir. 2003)................6

*Chaterjee Fund Mgmt, L.P. v. Dimensional Media Assocs.*, 687 N.Y.S.2d 364
    (1st Dep't 1999)........................................................................................................12

*Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384 (1995) ......................................................8

*Gruen Indus. v. Biller* 608F.2d 274 (7th Cir. 1979) ........................................................8

*Int'l Multifoods Corp. v. Commercial Union Ins. Co.*, 309 F.3d 76 (2d Cir. 2002)............5

*Jordan Panel Sys., Corp. v. Turner Constr. Co.,* 45 A.D.3d 165, 841 N.Y.S.2d
    561 (1st Dep't 2007) .................................................................................7, 9, 10, 12

*Kaye v. Grossman*, 202 F.3d 611 (2d Cir. 2000) .............................................................9

*Media Sport & Arts v. Kinney Shoe Corp.*, 1997 WL 473968 (S.D.N.Y. Aug. 20,
    1997) .......................................................................................................................10

*Miller v. Schloss*, 218 N.Y. 400 (1916) .........................................................................12

*Missigman v. USI Northeast, Inc.*, 131 F. Supp. 2d 495 (S.D.N.Y. 2001) ......................11

*NGR, LLC v. General Elec. Co.*, 24 A.D.3d 425, 807 N.Y.S.2d 105 (2d Dep't
    2005) ......................................................................................................................10

*Prospect Street Ventures I, LLC v. Eclipsys Solutions Corp.*, 23 A.D.3d 213, 804
    N.Y.S.2d 301 (1st Dep't 2005)..................................................................................7

*R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69 (2d Cir. 1984)............5, 6, 7, 8, 10,

*Russo v. Banc of America Sec., LLC*, 2007 WL 1946541 (S.D.N.Y. 2007)...............11, 12

*Songbird Jet Ltd. v. Amax, Inc.*, 581 F. Supp. 912 (S.D.N.Y. 1984).................................12

*Spencer Trask Software v. RPost International Ltd.*, 383 F. Supp. 2d 428
   (S.D.N.Y. 2003) .................................................................................................................6

*Stein v. Gelfan*, 476 F. Supp. 2d 427 (S.D.N.Y. 2007)..................................................9, 10

*Teachers Ins. and Annuity Ass'n of America v. Tribune Co.*, 670 F. Supp. 491
   (S.D.N.Y. 1987) .................................................................................................................5

*Tufano v. One Toms Point Lane Corp.*, 64 F. Supp. 2d 119 (E.D.N.Y. 1999)...............3, 4

*Valentino v. Davis*, 270 A.D.2d 635, 703 N.Y.S.2d 609 (3d Dep't 2000).........................11

*Winston v. Mediafare Entm't Corp.*, 777 F.2d 78 (2d Cir. 1985)....................................6, 7

Defendant Kate's Paperie, Ltd. ("Kate's") respectfully submits this memorandum of law in support of its Motion to Dismiss Counts I, II, III, IV and IX of the Complaint filed by Kolo, LLC ("Kolo" or "Plaintiff") for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

This case arises from two separate letters of intent executed by Kolo and Kate's, wherein, inter alia, the parties agreed to commence negotiations for Kolo to (1) lease retail space from Kate's, via the "Shop-in-Shop" letter of intent, and (2) acquire a 20% interest in Kate's, via the "Acquisition" letter of intent.[1]  Both letters of intent ("LOI") reflect the parties' understanding that their terms would not be contractually binding, with the Acquisition LOI stating so very explicitly.  Yet Kolo now seeks, inter alia, the extraordinary relief of specific performance and asks that this Court force the parties to consummate all aspects of the parties' negotiations. Kate's moves to dismiss Counts I, II, III and IV, which relate to the Acquisition LOI, as well as Count IX of the Complaint.  These claims fail for several reasons.

First, under well-settled New York law, an LOI is not binding when it includes an unambiguous statement of the parties' intent not to be bound until later execution of an additional formal instrument.  Here, Kate's and Kolo explicitly reserved their right not to be bound by the Acquisition LOI until execution of a subsequent acquisition agreement.  No amount of discovery can nullify the explicit language of the Acquisition LOI as executed by the parties, and New York courts will not create a contact where none was intended.  This irrefutable

---

[1]     The Complaint is rife with references to the two Letters of Intent (see, e.g., Complaint, Paras. 4, 9-12, 13-14, 16, 18-19, 29, etc.), yet Kolo fails to provide a copy of either for the Court. Kate's has attached copies of the letters of intent as Exhibits A and B to the Affirmation of David S. Versfelt, dated December 28, 2007 and filed herewith.

fact proves fatal to Counts I through IV, which all ground on alleged breach of contract or some duty arising from a contract, yet no duty arises where no contract exists.

Second, Kolo's promissory estoppel claim (Count III) is meritless for an additional reason. Kolo could not have detrimentally relied on Kates' purported promise because Kate did not make a binding promise to Kolo. In New York, an agreement that explicitly leaves several key terms open for future negotiation is not a clear and unambiguous promise. Here, the Acquisition LOI explicitly contemplates execution of a formal agreement at a later date and fails to mention terms and conditions that would be essential to a formal acquisition agreement. Thus, as a matter of law, Kolo is precluded from pursuing its promissory estoppel claim.

Third, no implied contract claim (Count IV) can arise where express language covers the subject matter alleged in the Complaint. Here, the Acquisition LOI explicitly governs negotiation of a later acquisition agreement – the same subject matter alleged in Kolo's claim for breach of implied contract. Because no implied contract exists, no such duty arose and, therefore, there can be no breach. Thus, Count IV should be dismissed because it fails as a matter of law.

Finally, Count IX (Unjust Enrichment) should be dismissed as a matter of law because New York law precludes a party from recovering for unjust enrichment alleged to arise from failed business negotiations.

Counts I, II, III, IV and IX are each ripe for dismissal. Accordingly, this motion to dismiss should be granted with prejudice.

## FACTS

The facts set forth below are taken entirely from the allegations in the Complaint and the text of the letters of intent between Kate's and Kolo. A copy of the Acquisition LOI is annexed as Exhibit "A" to the accompanying Affirmation of David Versfelt (hereinafter "Versfelt Affirmation") dated December 28, 2006. A copy of the Shop-in-Shop LOI is annexed as Exhibit "B" to that same Affirmation, and a copy of the Complaint is annexed as Exhibit "C" to that Affirmation.[2]

### The Parties

Plaintiff is a Delaware limited liability company with its principal place of business in Hartford, Connecticut, specializing in "photo presentation and storage products, including albums, storage boxes, journals and accessories." (Compl. at ¶ 1). Kate's is a New York company engaged in the retail sale of stationary products, including paper, gift wrap, desk accessories, photo albums and planners. (*Id.* at ¶ 2).

### The Shop-in-Shop LOI

As set forth in the Complaint, on or about May 31, 2007, Kate's and Kolo addressed a letter of intent referred to herein as the Shop-in-Shop LOI. (Compl. at ¶ 40). Pursuant to its terms, the parties "agreed to, in principal" enter into three separate rental agreements, wherein

---

[2]    On a motion to dismiss, it is well settled that the Court may consider facts alleged in the Complaint, documents appended to the Complaint or incorporated in the Complaint by reference, and any matters of which judicial notice may be taken. See Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991). A plaintiff may not avoid a court's consideration of a pertinent document by failing to append the document to the Complaint. See Tufano v. One Toms Point Lane Corp., 64 F. Supp. 2d 119, 124 (E.D.N.Y. 1999) ("Court may consider documents annexed to the movant's papers which, although not annexed to the complaint, plaintiff either had in his possession or had knowledge of and upon which he relied in bringing the suit.") In the Complaint, Kolo refers repeatedly to the two LOI's, for they appear to constitute the basis for all claims Kolo asserts.

Kolo would lease space and operate stores within certain of Kate's Manhattan stores. (Versfelt Aff., Exh. B). That LOI states that Kolo and Kate's intended to "enter into a more formal agreement" on contract terms "within a reasonable time." (Versfelt Aff. Exh. B at p.1).

**The Acquisition LOI**

On or about August 2, 2007, Kolo and Kate's executed a second letter of intent that is referred to hereinafter as the "Acquisition LOI." In the Acquisition LOI, the parties "agreed to, in principal" enter into a contract for "Kolo to acquire an equity interest in Kate's, to design and conduct a reorganization plan, and to provide additional capital financing for the long-term growth of Kate's." (Versfelt Aff. Exh. A at p.1). In exchange, Kolo would acquire a 20% equity interest in Kate's. (Versfelt Aff. Exh. A at ¶ 3). The financing provided by Kolo was to be evidenced by notes, the terms and conditions of which were to be "negotiated at a later date." (Versfelt Aff. Exh. A at ¶ 2). The Acquisition LOI also called for the execution of an operating agreement establishing a partnership between Kate's and Kolo. (Versfelt Aff. Exh. A at ¶ 4).

The parties explicitly noted their recognition that the Acquisition LOI "is not a binding agreement or contract," as they sought to "enter into a formal binding agreement . . . within a reasonable time period." (Versfelt Aff. Exh. A at p.1). However, the parties never executed a "formal binding agreement," Kolo never provided financing, and the parties never entered into an operating agreement. Accordingly, Kate's has not conveyed to Kolo a 20% equity interest.

**The Complaint**

On or about November 27, 2007, Kolo filed a ten-count complaint (the "Complaint") against Kate's. Counts I through IV allege breach of contract, breach of duty of good faith and fair dealing, promissory estoppel and breach of implied contract, respectively, in connection with the Acquisition LOI (Compl. at ¶¶ 1-38). Counts V through VIII address the Shop-in-Shop LOI.

4

Count IX alleges unjust enrichment arising from the Acquisition LOI as well as the Shop-in-Shop LOI. Kolo seeks, <u>inter alia</u>, specific performance or, in the alternative, money damages.[3]

## ARGUMENT

## I.    COUNTS I THROUGH IV FAIL AS A MATTER OF LAW BECAUSE THE ACQUISITION LOI IS A NON-BINDING PRELIMINARY AGREEMENT.

A letter of intent is a written statement detailing a preliminary understanding of parties planning to enter into a contract. As such, where the parties contemplate further negotiations and execution of a later formal instrument, "a preliminary agreement does not create a binding contract." *Adjustrite Sys., Inc. v. GAB Business Sys., Inc.*, 145 F.3d 543, 548 (2d Cir. 1998); *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 74 (2d Cir. 1984). Where, as here with the Acquisition LOI, the parties state explicitly that the agreement is not intended to be binding, no contractual obligations – or claims – are created.

### A.    Kolo Cannot Maintain Its Breach Of Contract Claim Because The Parties Expressly Stated Their Right Not To Be Bound By The Acquisition LOI.

Kolo is precluded from asserting a breach of contract claim as a matter of law because the Acquisition LOI explicitly states the parties' intent not to be bound by their negotiations until later execution of a formal agreement. Under New York contract law, a preliminary agreement that contemplates further negotiations and the execution of a formal instrument "does not create a binding contract." *Adjustrite*, 145 F.3d at 548. Because "initial interpretation of a contract is a matter of law," *Int'l Multifoods Corp. v. Commercial Union Ins. Co.*, 309 F.3d 76, 83 (2d Cir. 2002); *Teachers Ins. and Annuity Ass'n of America v. Tribune Co.*, 670 F. Supp. 491, 499

---

[3]    Kolo alleges a third breach of contract claim in Count X of the complaint, in connection with goods allegedly sold and delivered to Kate's.

(S.D.N.Y. 1987), the language of the agreement is paramount, and determinative. *Spencer Trask Software v. RPost Int'l Ltd.*, 383 F. Supp. 2d 428, 441 (S.D.N.Y. 2003).

When a contract is "clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence." *British Int'l Ins. Co. v. Seguros La Republica, S.A.,* 342 F.3d 78, 82 (2d Cir. 2003). The Second Circuit considers "whether there has been an express reservation of the right not to be bound." *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir. 1985); *see also R.G. Group*, 751 F.2d at 74 ("Under New York law, if the parties do not intend to be bound by an agreement until it is in writing and signed, then there is no contract until that event occurs.").

This Court recently upheld an express reservation of rights in a letter of intent as an unambiguous statement by the parties *not* to be bound. Specifically, in *Beekman Inv. Partners LP v. Alene Candles Inc.* (hereinafter *"Beekman"*), the Honorable Denise L. Cote, considered the same issue in facts analogous to those alleged in the Complaint. 2006 WL 330323, *1 (S.D.N.Y. Feb. 14, 2006).

In *Beekman*, the parties negotiated the purchase by plaintiff of all the stock in the defendant corporation from an individual shareholder. *Id.* The parties signed a letter of intent setting forth a summary of proposed terms governing the stock sale. *Id.* The agreement also included an explicit statement of the parties' intent not to be bound:

> "[t]he above terms do not constitute a definitive offer, acceptance, contract, or agreement, all of which require the completion of our due diligence and will be incorporated in a definitive purchase agreement duly executed by the Seller and Beekman." *Id.*

As in this case, plaintiff and defendant in *Beekma*n never executed a purchase agreement, nor did the planned transaction occur. *Id.* at *1-2. Nonetheless, the plaintiff subsequently filed a complaint alleging claims identical to those Kolo alleges here: breach of contract, breach of duty

6

of good faith and fair dealing, promissory estoppel and unjust enrichment. *Id.* at *2. Judge Cote held that the letter of intent was <u>not</u> a binding preliminary agreement because it included language expressing the parties' intent not to be bound until the execution of a subsequent written agreement. *Id.* at *3-4. The obligations of a binding agreement simply do not arise when the parties explicitly state their intent not to be bound. *Id.* at *7.

     The New York State Courts apply the same rule. The Appellate Division, First Department, recently reached the same outcome as in *Beekman* using the same reasoning. In *Jordan Panel Sys., Corp. v. Turner Constr. Co.*, the Appellate Division dismissed plaintiff's breach of contract and promissory estoppel claims because the defendant had advised a plaintiff subcontractor, in writing, that defendant did not intend to hire plaintiff until both had signed a formal, written contract. 45 A.D.3d 165, 841 N.Y.S.2d 561, 562-63 (1st Dep't 2007). Citing the Second Circuit in *R.G. Group*, 751 F.2d at 75, the court reaffirmed the principal that it must "give effect to a party's clearly stated intention not to be contractually bound until it has executed a formal written agreement." 45 A.D.3d 165, 841 N.Y.S.2d at 565. *See also Winston*, 777 F.2d at 80 (applying New York law) ("[I]f either party communicates an intent not to be bound until he achieves a fully executed document, no amount of negotiation or oral agreement to specific terms will result in the formation of a binding contract."); *Prospect Street Ventures I, LLC v. Eclipsys Solutions Corp.*, 23 A.D.3d 213, 804 N.Y.S.2d 301, 302 (1st Dep't 2005) (holding that the parties' letter agreement was an "agreement to agree" because it was expressly conditioned on the later execution of a formal written document).

     Here, the first sentence of the Acquisition LOI uses clear words to express the intention of Kolo and Kate's <u>not</u> to be bound in the absence of a later-negotiated instrument:

> The following confirms the understanding, *but is not a binding agreement or contract,* for which the parties have agreed to in

7

principal to enter into a contract hereinafter called ("Agreement") for Kolo to acquire an equity interest in Kate's, to design and conduct a reorganization plan, and to provide additional capital financing for the long-term growth of Kate's. It is *intended* that *the parties will enter into a formal binding agreement* on the following terms of the contract within a reasonable time.

(Versfelt Aff. Exh. A) (emphasis added)

Any argument by Kolo that this paragraph is ambiguous and subject to interpretation is unavailing under established New York precedent. As in *Beekman,* 2006 WL 330323, and *Jordan,* 45 A.D.3d 165, 841 N.Y.S.2d 561, Kolo and Kate's explicitly intended not to be bound by the Acquisition LOI until the subsequent execution of "a formal binding agreement." (Versfelt Aff. Exh. A, at p.1). *See also R.G. Group*, 751 F.2d at 75 ("When a party gives forthright, reasonable signals that it means to be bound only by a written agreement, courts should not frustrate that intent.").

## B.    No Duty Of Good Faith And Fair Dealing Arose Because The Acquisition LOI Is A Non-Binding Preliminary Agreement.

The second cause of action in the complaint alleges breach of the duty of good faith and fair dealing. (Compl. at ¶¶ 35-38). The covenant of good faith and fair dealing is implicit in the course of performance under a contract. *Beekman*, 2006 WL 330323 at *7 (citing *Dalton v. Educ. Testing Servs.,* 87 N.Y.2d 384, 389 (1995). Where no contract exists, however, no such duty arises. *American-European Art Ass'n v. Trend Galleries, Inc.* 227 A.D.2d 170, 171, 641 N.Y.S.2d 835, 836 (1st Dep't 1996).

Such a duty is negated, as here, by an explicit statement of the parties' intention not to be bound. *Adjustrite,* 145 F.3d at 548-49. Finding that no underlying contract existed, the court in *Beekman* summarily rejected plaintiff's claim that defendant owed a duty of good faith and fair dealing. 2006 WL 330323 at *7. Judge Cote reasoned that "whether the statement that the parties 'have a strong interest in moving forward in good faith' would suffice on its own to

8

signal an intent to create a contractual obligation is uncertain; that it does not when it immediately follows an expression of intent to not be bound . . . is clear." *Id.*

Here, the Acquisition LOI includes an explicit statement of the parties' intent not to be bound, thus negating the existence of a binding preliminary agreement.   Accordingly, there can be no duty to act in good faith to complete negotiations, *Adjustrite,* 145 F.3d at 548-49; *Beekman*, 2006 WL 330323 at *7, and the Complaint's second cause of action should be dismissed with prejudice.

### C.    Plaintiff's Promissory Estoppel Claim Fails Because The Nonbinding Acquisition LOI Is Not A Clear And Unambiguous Promise.

Kolo's third cause of action seeks to enforce the Acquisition LOI on a theory of promissory estoppel.  (Compl. at ¶¶ 28-34).  A plaintiff must prove three elements to establish a claim for promissory estoppel: (1) a clear and unambiguous promise; (2) reasonable and foreseeable reliance on that promise; and (3) injury to the relying party as a result of the reliance. *Kaye v. Grossman*, 202 F.3d 611, 615 (2d Cir. 2000).  Kolo's claim here fails as a matter of law.

Well-developed New York case law holds that a promissory estoppel claim cannot be maintained where there is no clear and unambiguous promise.  In *Stein v. Gelfan*, for example, this Court (*per* Judge Kaplan) found that the plaintiff could not have reasonably relied on the defendant's statements that plaintiff would become a 20% owner in the defendant's business because the purported promise left several key terms open to future negotiation. 476 F. Supp. 2d 427, 436 (S.D.N.Y. 2007).  Accordingly, in the absence of a clear and unambiguous promise, Judge Kaplan properly dismissed plaintiff's promissory estoppel claim. *Id.*  The circumstances here are virtually identical, and the outcome should be the same.

The decision of the district court in *Stein,* 476 F. Supp. 2d 427, is consistent with the outcome of the Appellate Division in *Jordan*. 45 A.D.3d 165, 841 N.Y.S.2d at 572.  There, the

court held that the plaintiff did not reasonably rely on the defendant's statement that plaintiff had been awarded a subcontract, even though the plaintiff had begun work at the construction site. *Id. See also Beekman*, 2006 WL 330232 at *8 (rejecting claim of promissory estoppel); *R.G. Group*, 751 F.2d at 79 (A "promise made in the course of negotiations that is conditional on the signing of a contract is not a 'clear and ambiguous promise'"); *Media Sport & Arts v. Kinney Shoe Corp.*, 1997 WL 473968 at *13 (S.D.N.Y. Aug. 20, 1997) (finding defendant's statement that "FIBA may proceed to act on the enclosed offer without limitation" was not a clear and unambiguous promise); *NGR, LLC v. General Elec. Co.*, 24 A.D.3d 425, 807 N.Y.S.2d 105 (2d Dep't 2005) (dismissing promissory estoppel claim as remedy for failure of the parties' complex business negotiations).

Here, the allegation that Kate's made a "clear and definite promise to Kolo that it would convey to it a 20% interest in accordance with the terms of the [Acquisition LOI]" is a gross mischaracterization of the clear words of the LOI. (Compl. at ¶ 29). The parties' express reservation of their right not to be bound by the terms of the Acquisition LOI negates any argument that its terms constitute a "clear and definite promise." (Compl. at ¶ 29).

Moreover, precisely like the agreement in *Stein*, the Acquisition LOI leaves several key terms open for future negotiation. For example, the parties stipulate to only a few terms in respect to an operating agreement, which was to be executed at a later date. (Versfelt Aff. Exh. A at ¶ 3).[4] Likewise, the terms and conditions of notes intended to provide financing for Kate's and a timeline to obtain such financing – clearly, key terms – were to be "negotiated at a later date." (Versfelt Aff. Exh. A at ¶ 2).

---

[4]    Interestingly, the Complaint fails to allege whether any operating agreement was, in fact, executed in furtherance of the Acquisition LOI.

In that regard, Kolo could not possibly have expected that the 2-page Acquisition LOI constituted the entirety of an acquisition agreement of a substantial business entity. For example, the Acquisition LOI fails to include provisions that typically appear in such agreements, such as the inspection of assets, an indemnification clause, mutual covenants, disclosures, and representations and warranties. Clearly it is because the parties entered into the LOI only to negotiate, and not to consummate an ultimate transaction, that the Acquisition LOI fails to cover these and other essential terms.

Count III therefore should be dismissed because Kolo fails to plead a clear and unambiguous promise.

### D.    No Implied Contract Arose Because The Acquisition LOI Expressly Covers The Same Subject Matter Alleged In The Complaint.

Similarly, Count IV of the complaint should be dismissed because no contract implied in fact could arise from the Acquisition LOI. (Compl. at ¶ 37). Under New York law, a contract may not be implied in fact from the conduct of the parties where it appears that they intended not to be bound except by a formal agreement. *Missigman v. USI Northeast, Inc.*, 131 F. Supp. 2d 495, 513 (S.D.N.Y. 2001) (*citing Valentino v. Davis*, 270 A.D.2d 635, 638, 703 N.Y.S.2d 609, 612 (3d Dep't 2000)). In *Missigman*, this Court rejected the plaintiff's claim for breach of implied contract arising from failed negotiations after finding that the defendant had expressed its intent not to be bound by the terms of a letter, absent a formal employment agreement. 131 F. Supp. 2d at 513.

Moreover, a party may not allege breach of an implied contract where an express contract covers the same subject matter alleged in the Complaint. *Russo v. Banc of America Sec., LLC*, 2007 WL 1946541, *5 (S.D.N.Y. 2007) ("It is well-settled in New York that a contract cannot be implied where there is an express contract covering the subject-matter involved."). *See also*

11

*Miller v. Schloss*, 218 N.Y. 400, 417 (1916) ("contract cannot be implied in fact where the facts are inconsistent with its existence, or against the declaration of the party to be charged, or where there is an express contract covering the subject-matter involved, or against the intention or understanding of the parties; or where an express promise would be contrary to law.").

The fourth count of the Complaint is thus a transparent attempt to circumvent New York law prohibiting breach of contract claims, implied or otherwise, where the parties have clearly stated their attempt not to be bound by an agreement. *See Beekman*, 2006 WL 330232; *Jordan Panel Sys., Corp* 45 A.D.3d 165, 841 N.Y.S.2d 561; *American-European Art Ass'n,* 641 N.Y.S.2d at 836. The subject matter alleged in Count IV – the acquisition by Kolo of an equity interest in Kate's – is expressly encompassed within the Acquisition LOI. *Russo,* 2007 WL 1946541 at *5; *Miller*, 218 N.Y. at 417. Thus, Count IV of the Complaint should be dismissed because it cannot be sustained as a matter of law.

## II.    COUNT IX FAILS AS A MATTER OF LAW BECAUSE PLAINTIFF CANNOT RECOVER FOR A FAILED NEGOTIATION.

In its ninth cause of action, Plaintiff alleges unjust enrichment arising from the Acquisition LOI and the Shop-in-Shop LOI, yet New York law clearly prohibits a party from recovering damages for a failed negotiation. *See Songbird Jet Ltd. v. Amax, Inc.*, 581 F. Supp. 912, 926 (S.D.N.Y. 1984); *see also Chaterjee Fund Mgmt., L.P. v. Dimensional Media Assocs.*, 687 N.Y.S.2d 364, 365 (1st Dep't 1999) ("unjust enrichment is not an appropriate remedy for recovery of expenses of a failed negotiation").

*Beekman*, supra, is once again instructive on this point. In that case, the plaintiff argued that the defendant was unjustly enriched from "legal and financial analysis" the plaintiff performed in anticipation of the stock purchase agreement. 2006 WL 330323 at *7. The court rejected that claim outright, reasoning that transactional costs are a necessary risk that

businessmen face when "negotiations fail to yield a satisfactory agreement." *Id.* (*citing Gruen Indus., Inc. v. Biller,* 608 F.2d 274, 282 (7th Cir. 1979)). Accordingly, Kolo cannot maintain its unjust enrichment claim arising from the failed negotiations over the acquisition of a 20% interest in Kate's.

## CONCLUSION

For all the foregoing reasons, Defendant Kate's Paperie, Ltd. respectfully requests the Court to grant its motion for an order, pursuant to Fed. R. Civ. 12(b)(6), dismissing Counts I through IV and IX of the Complaint, with prejudice, and to award such further relief as the Court deems just and proper.

Dated:   New York, New York
         December 28, 2008

Respectfully submitted,

By: _David S. Versfelt_

David S. Versfelt (DV 8935)
Elizabeth M. Harris (EH 4368)

KIRKPATRICK & LOCKHART
 PRESTON GATES ELLIS LLP
599 Lexington Avenue
New York, NY 10022-6030
212-536-3900
212-536-3901 (fax)

*Attorneys for Defendant Kate's Paperie, Ltd.*