# K&L | GATES

Kirkpatrick & Lockhart Preston Gates Ellis LLP
599 Lexington Avenue
New York, NY 10022-6030

T 212.536.3900    www.klgates.com

## MEMO ENDORSED

January 14, 2008

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/15/08

David S. Versfelt
D 212 536 3991
F 212 536 3901
david.versfelt@klgates.com

**VIA FACSIMILE: 212-805-6326**

Hon. Colleen McMahon
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 640
New York, NY 10007

*oh please*

*Colleen My McM*
1/15/08

Re:  Kolo, LLC v. Kate's Paperie, Ltd.,
     07-CIV-10653 (CM)

Dear Judge McMahon:

    We represent Defendant Kate's Paperie, Ltd. in the above action and submit this letter in response to the letter to Your Honor this morning from Mr. Frank J. Ciano, Esq., for Plaintiff Kolo, LLC. Mr. Ciano's letter is incomplete and, therefore, misleading.

    Kate's Paperie filed its motion to dismiss five of the counts of the Complaint on December 28, 2007, and counsel for Kolo received copies of those papers on December 31, 2007. Counsel for Kolo and I first discussed the matter of Kolo's response date in an email dated January 4 – ten days ago – when I forewarned that my client would not be sympathetic to a request for an extension of time beyond the fourteen days established by Your Honor's Individual Rules because my client would prefer its motion to dismiss to be fully briefed and submitted in advance of the initial conference scheduled for January 25.

    I reiterated that message in an email with Kolo's counsel on January 9 – five days before today – when Kolo's counsel informed me that he "anticipate[d] submit[ting] [Kolo's papers] on the due date," which is today.

    To my surprise, <u>after</u> 5:00 p.m. on <u>Friday</u>, January 11, I received an email from Kolo's counsel requesting an eight-day extension to file responsive papers <u>without</u> any reference to seeking an extension of the conference scheduled for January 25th. In response, that evening I reminded counsel of the two earlier communications and restated my client's position that an extension would interfere with my client's hope that its motion for partial dismissal could be heard on January 25th. I did not thereafter hear from Kolo's counsel until receipt of a copy of today's letter to Your Honor.

    Kolo's counsel has never tried to explain what "crucial information" he needs to oppose a motion to dismiss based so squarely upon the clear words of the parties' Letter of Intent, and

NY-579104 v1

# K&L|GATES

Hon. Colleen McMahon
January 14, 2008
Page 2

he has never requested my consent to an application to adjourn the January 25th conference to accommodate a new briefing schedule. However, if an extension of Kolo's date for filing responsive papers is to be granted, then Kate's Paperie joins in Kolo's application to adjourn the January 25 conference so that the motion to dismiss may be considered at an adjourned conference.

    Thank you for your attention to this matter

Respectfully submitted,

*David A. Versfelt*

David S. Versfelt

DSV:ld

cc: Frank J. Ciano, Esq.