Frank J. Ciano, Esq. (FJC – 4981)
Robert Varga, Esq. (RV – 0636)
GOLDBERG SEGALLA LLP
***ATTORNEYS FOR PLAINTIFF***
***KOLO RETAIL, LLC***
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
Tel: (914) 798-5410
Fax: (914) 798-5401
fciano@goldbergsegalla.com
rvarga@goldbergsegalla.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

KOLO RETAIL, LLC,

    Plaintiff,

-against-

KATE'S PAPERIE, LTD.,

    Defendant.

07 CIV. 10653

**AMENDED COMPLAINT**

**JUDGE: McMAHON**

Plaintiff Demands a Jury Trial

---

Plaintiff, by its attorneys, GOLDBERG SEGALLA LLP, complaining of the defendant, alleges upon information and belief as follows:

## PARTIES

1. The Plaintiff, KOLO RETAIL, LLC (hereinafter "KOLO"), a Delaware limited liability company with a business location at 241 Asylum Street, Hartford, Connecticut 06103, is in the business of selling, on a retail and wholesale basis, photo presentation and storage products, including photo albums, storage boxes, journals and accessories its customers.

2. The Defendant, KATE'S PAPERIE, LTD. (hereinafter "KATE'S PAPERIE"), a domestic company organized and existing by virtue of the laws of the state of New York with a principal business located at 1633 Broadway, New York. New York 10019, is in the business of

selling, on a retail basis, paper, journals, desk accessories, photo albums, frames, ribbon, giftwrap, and planners.

3. The Defendant, KATE'S PAPERIE, a domestic company organized and existing by virtue of the laws of the state of New York with a principal business located in New York County, is in the business of selling, on a retail basis, paper, journals, desk accessories, photo albums, frames, ribbon, giftwrap, and planners.

## JURISDICTION

4. The amount in controversy herein exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 (diversity of citizenship).

6. Venue is proper within this District pursuant to 28 U.S.C. §1391(a).

## BACKGROUND

7. On or about August 2, 2007, the parties entered into a Letter of Intent for KOLO to acquire 20% equity interest in KATE'S PAPERIE in consideration for KOLO providing, *inter alia*, certain workout and management services to KATE'S PAPERIE (hereinafter the "Acquisition LOI").

8. Said workout and management services were to be provided by KOLO to assist KATE'S PAPERIE in reorganizing its financial and operational condition.

## AS AND FOR A FIRST CAUSE OF ACTION
## (BREACH OF AGREEMENT TO NEGOTIATE IN GOOD FAITH)

9. KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "8" as if each were more fully set forth at length herein.

10. Pursuant to the Acquisition LOI, KATE'S PAPERIE agreed to act in good faith to complete the negotiations for additional terms that were to be set forth in a final Agreement between the parties.

11. On the basis of the terms set forth in the Acquisition LOI, KOLO proceeded in good faith to perform services, including the aforementioned workout and management services in anticipation of acquiring a 20% equity interest in KATE'S PAPERIE.

12. Despite the agreed upon terms of the Acquisition LOI, KATE'S PAPERIE has refused to negotiate in good faith with KOLO.

13. In addition, KATE'S PAPERIE engaged in discussions with third parties in which it solicited offers for its assets or securities, and in which it negotiated with respect to the disposition of its assets or securities, all in violation of the terms of the Acquisition LOI.

14. As a result of the foregoing actions, KATE'S PAPERIE has breached said duty to act in good faith, has manifested a clear and conscious design to mislead and deceive KOLO and has acted in bad faith.

15. KATE'S PAPERIE has willfully and intentionally breached said duty.

16. As a result of said breach of the duty of good faith, KOLO has suffered substantial damages, including but not limited to out-of-pocket expenses and other expenses

incurred in connection with the workout and management services that it provided to KATE'S PAPERIE.

17. As a further result of the aforementioned breach of duty by KATE'S PAPERIE to negotiate in good faith, KOLO was forced to forego other investment opportunities, and incur other financial loss, all to its loss and detriment.

## AS AND FOR A SECOND CAUSE OF ACTION
### (BREACH OF CONTRACT)

18. KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "17" as if each were more fully set forth at length herein.

19. On or about May 31, 2007, the parties entered into an agreement whereby KATE'S PAPERIE agreed to provide KOLO with rental space to operate a retail store within three KATE'S PAPERIE stores located on Spring Street, 3rd Avenue, and 57th Street in Manhattan, New York (hereinafter the "Shop-in-Shop Agreement").

20. Further, the Shop-in-Shop Agreement provided that KOLO would begin operating its first retail store within the KATE'S PAPERIE store located on Spring Street on or about June 1, 2007, with the other two locations opening shortly thereafter.

21. Pursuant to the Shop-in-Shop Agreement, KOLO proceeded in good faith by opening its first retail store at the Spring Street location in anticipation of opening the other two locations shortly thereafter.

22. On or about June 1, 2007, KOLO opened its first retail store at the Spring Street location.

23. Despite the agreed upon terms of the Shop-in-Shop Agreement, KATE'S PAPERIE has refused to provide KOLO with rental space in its stores located on 3rd Avenue and 57th Street.

24. KOLO has performed all of its obligations under the Shop-in-Shop Agreement.

25. KATE'S PAPERIE has materially breached its contractual obligations by failing to provide KOLO with rental space in the KATE'S PAPERIE stores located on 3rd Avenue and 57th Street.

26. As a result of the aforementioned conduct by KATE'S PAPERIE, KOLO has suffered financial damages, including but not limited to expenses incurred in connection with the opening of a retail store within the KATE'S PAPERIE store located on Spring Street.

27. As a further result of the aforementioned breach by KATE'S PAPERIE, KOLO has foregone other investment opportunities, and incurred other financial loss, all to its loss and detriment.

28. KOLO is willing and able to perform under the Shop-in-Shop Agreement according to its obligations.

29. Under these circumstances, KATE'S PAPERIE should be compelled to specifically perform its obligations under the Shop-in-Shop Agreement, including without limitation providing KOLO with rental space at the KATE'S PAPERIE stores located on 3rd Avenue and 57th Street.

30. KATE'S PAPERIE refuses to perform and is in breach of its obligations under the terms and conditions of the Shop-in-Shop Agreement.

31. KOLO stands ready, willing, and able to perform the terms of the Shop-in-Shop Agreement and to consummate the transactions contemplated therein.

32. On or after December 20, 2007, KATE'S PAPERIE caused a Notice of Termination to be served upon KOLO, which stated that KOLO'S possession and occupancy of the premises located at 72 Spring Street, New York, New York would terminate as of January 31, 2008.

33. KATE'S PAPERIE further breached the Shop-in-Shop Agreement by serving the aforementioned Notice of Termination and said conduct caused KOLO to incur costs and expenses, including reasonable attorneys' fees, in defending against and taking actions in connection with said Notice of Termination.

34. KATE'S PAPERIE also commenced summary proceedings against KOLO, which is in further breach of the Shop-in-Shop Agreement.

35. If KATE'S PAPERIE is allowed to proceed with the summary proceedings against KOLO, KOLO will lose possession of the store at the Spring Street location, KOLO would lose its right to renew as per the Shop-in-Shop Agreement, and will be irreparably harmed thereby, including without limitation loss of customers, loss of good will, loss of visibility and market presence and loss of business reputation all of which to its detriment.

36. As a result of the aforementioned breaches by KATE'S PAPERIE, KOLO has been and will be irreparably harmed and has no adequate remedy at law.

37. In the alternative, KATE'S PAPERIE should be compelled to pay KOLO damages.

### AS AND FOR A THIRD CAUSE OF ACTION
### (BREACH OF DUTY OF GOOD FAITH AND FAIR DEALINGS)

38. KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "37" as if each were more fully set forth at length herein.

39. As part of its contractual relationship under the Shop-in-Shop Agreement, KATE'S PAPERIE has a duty of good faith and fair dealing with KOLO.

40. As a result of the foregoing actions, KATE'S PAPERIE has breached said duty of good faith and fair dealing, has manifested a clear and conscious design to mislead and deceive KOLO and has acted in bad faith.

41. KATE'S PAPERIE has willfully and intentionally breached said duty.

42. As a result of said breach of the duty of good faith and fair dealing, KOLO has suffered substantial damages, including but not limited to expenses incurred in connection with the opening of a retail store within the KATE'S PAPERIE store located on Spring Street.

43. As a further result of the aforementioned breach of the duty of good faith and fair dealing by KATE'S PAPERIE, KOLO was forced to forego other investment opportunities, and incur other financial loss, all to its loss and detriment.

44. As a further result of the breach by KATE'S PAPERIE, KOLO has been irreparably harmed and has no adequate remedy at law.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (PROMISSORY ESTOPPEL)

45. KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "44" as if each were more fully set forth at length herein.

46. KATE'S PAPERIE made a clear and definite promise to KOLO that it would provide KOLO with rental space at the KATE'S PAPERIE stores located on Spring Street, 3rd Avenue and 57th Street.

47. In reasonable and foreseeable on this promise, KOLO incurred significant expenses in connection with the opening of a retail store within the KATE'S PAPERIE store

located on Spring Street, in anticipation of opening additional retail stores at the other two locations shortly thereafter.

48. KATE'S PAPERIE reasonably could have expected that its promise would induce KOLO's reliance on it.

49. KOLO relied on KATE'S PAPERIE's promise to its detriment, resulting in costs, expenses and other economic damages, including but not limited to expenses incurred in connection with the opening of a retail store within the KATE'S PAPERIE store located on Spring Street, lost profits and loss of other business opportunities in monetary amounts that are difficult to assess and/or measure.

50. If KATE'S PAPERIE's agreement to abide by the terms of the contract is not enforced, an injustice will occur.

51. As a result of the breach by KATE'S PAPERIE, KOLO has been irreparably harmed and has no adequate remedy at law.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (BREACH OF IMPLIED CONTRACT)

52. KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "51" as if each were more fully set forth at length herein.

53. The KATE'S PAPERIE expressed its assent to the terms and conditions of the Shop-In-Shop Agreement by allowing certain pre-closing activities to occur.

54. KATE'S PAPERIE thereafter breached the Shop-In-Shop Agreement, which was implied in fact, by failing to consummate the transactions contemplated by the Shop-In-Shop Agreement.

55. As a result of the breach by the defendant, KOLO has been irreparably harmed and has no adequate remedy at law.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (UNJUST ENRICHMENT)

56. KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "55" as if each were more fully set forth at length herein.

57. The actions of KOLO as recited herein directly benefited and enriched Defendant.

58. As a result of KATE PAPERIE's breaches as recited herein, KATE PAPERIE has been unjustly enriched in an amount to be determined at trial, plus interest, costs, and disbursements.

59. KOLO further reserves its right to pursue quasi-contract theories of liability in the event, however unlikely, that KATE PAPERIE chooses to contest the validity of the Contract.

60. As a result of the breach by the defendants, KOLO has been irreparably harmed and has no adequate remedy at law.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (BREACH OF CONTRACT)

61. Plaintiff repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "60" as if each were more fully set forth at length herein.

62. At various times between approximately December 15, 2006 and April 11, 2007, KOLO sold and delivered a variety of goods to KATE'S PAPERIE, including photo albums and related items and goods.

63. KATE'S PAPERIE agreed to pay KOLO for the aforementioned goods, in a total amount of $29,177.57 on demand.

64. KATE'S PAPERIE has not paid for the said goods and KOLO, LLC is entitled to damages for this breach.

WHEREFORE, the Plaintiff, KOLO RETAIL, LLC, claims:

1. Monetary and compensatory damages against Defendant;

2. Order of specific performance directing the Defendant to provide KOLO with rental space at the Defendant's stores located on 3rd Avenue and 57th Street in New York, New York.

3. Injunction against Defendant to prosecute a summary proceeding for eviction against KOLO or otherwise interfere with KOLO'S possessory right in the premises located at 72 Spring Street, New York, New York.

5. Costs of collection; and

6. Such other and further equitable relief as the court may deem appropriate.

Dated: White Plains, New York
February 8, 2008

By:_____
Frank J. Ciano, Esq. (FJC – 4981)
Robert Varga, Esq. (RV – 0636)
GOLDBERG SEGALLA LLP
***ATTORNEYS FOR PLAINTIFF***
***KOLO RETAIL, LLC***
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
Tel: (914) 798-5410
Fax: (914) 798-5401
fciano@goldbergsegalla.com
rvarga@goldbergsegalla.com