David Versfelt (DV 8935)
Elizabeth M. Harris (EH 4368)
KIRKPATRICK & LOCKHART
 PRESTON GATES ELLIS LLP
599 Lexington Avenue
New York, New York 10022
Telephone: 212.536.3900
Facsimile: 212.536.3901

Attorneys for Defendant Kate's Paperie, Ltd.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X

KOLO, LLC,                                           :

                              Plaintiff,             :

                v.                                   :          07 Civ. 10653 (CM)

                                                     :

                                                     :       **ANSWER TO SECOND**
                                                     :       **AMENDED COMPLAINT**

KATE'S PAPERIE, LTD.,                                :

                              Defendant.             :
-------------------------------------------------------- X

        Defendant Kate's Paperie, Ltd. ("Kate's," or "Defendant") by its undersigned attorneys,

for its Answer to the Second Amended Complaint of Kolo, LLC ("Plaintiff") states as follows:

## PARTIES

        1.      Denies knowledge or information sufficient to form a belief as to the truth of each

and every allegation of paragraph 1 of the Second Amended Complaint.

        2.      Admits the allegations set forth in paragraph 2 of the Second Amended

Complaint.

        3.      Admits the allegations set forth in paragraph 3 of the Second Amended

Complaint.

**JURISDICTION**

4.      Kate's lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Second Amended Complaint, and so denies those allegations on that basis.

5.      Admits upon information and belief that the Court has proper jurisdiction over this action.

6.      Admits that venue is proper within this District.

**BACKGROUND**

7.      Denies the allegations set forth in paragraph 7 of the Second Amended Complaint, and to the extent the allegations in paragraph 7 relate to the Shop-in-Shop Letter of Intent, Defendant respectfully refers the Court to the contents thereof.

8.      Denies the allegations set forth in paragraph 8 of the Second Amended Complaint.

9.      Denies the allegations set forth in paragraph 9 of the Second Amended Complaint.

10.      Denies the allegations set forth in paragraph 10 of the Second Amended Complaint, and to the extent the allegations in paragraph 10 relate to the Acquisition LOI, Defendant respectfully refers the Court to the contents thereof.

11.      Denies the allegations set forth in paragraph 11 of the Second Amended Complaint.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(BREACH OF AGREEMENT TO NEGOTIATE IN GOOD FAITH)**

12.      In response to paragraph 12 of the Second Amended Complaint, Kate's repeats and realleges paragraphs 1-11 above as if fully set forth herein.

13.     Denies the allegations set forth in paragraph 13 of the Second Amended Complaint.

14.     Denies the allegations set forth in paragraph 14 of the Second Amended Complaint.

15.     Denies the allegations set forth in paragraph 15 of the Second Amended Complaint.

16.     Denies the allegations set forth in paragraph 16 of the Second Amended Complaint.

17.     Denies the allegations set forth in paragraph 17 of the Second Amended Complaint.

18.     Denies the allegations set forth in paragraph 18 of the Second Amended Complaint.

19.     Denies the allegations set forth in paragraph 19 of the Second Amended Complaint.

20.     Denies the allegations set forth in paragraph 20 of the Second Amended Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
## (BREACH OF CONTRACT)

21.     In response to paragraph 21 of the Second Amended Complaint, Kate's repeats and realleges paragraphs 1-20 above as if fully set forth herein.

22.     Denies the allegations set forth in paragraph 22 and to the extent the allegations in paragraph 22 relate to the Shop-in-Shop Letter of Intent, Kate's respectfully refers the Court to the contents thereof.

23.    Denies the allegations set forth in paragraph 23 of the Second Amended Complaint.

24.    Denies the allegations set forth in paragraph 24 of the Second Amended Complaint.

25.    Denies the allegations set forth in paragraph 25 of the Second Amended Complaint, except admits that Plaintiff began operating a store within Kate's store located at Spring Street on or about June 1, 2007.

26.    Denies the allegations set forth in paragraph 26 of the Second Amended Complaint.

27.    Denies the allegations set forth in paragraph 27 of the Second Amended Complaint.

28.    Denies the allegations set forth in paragraph 28 of the Second Amended Complaint.

29.    Denies the allegations set forth in paragraph 29 of the Second Amended Complaint.

30.    Denies the allegations set forth in paragraph 30 of the Second Amended Complaint.

31.    Denies knowledge or information sufficient to respond regarding the allegations set forth in paragraph 31 of the Second Amended Complaint.

32.    Denies the allegations set forth in paragraph 32 of the Second Amended Complaint.

33.    Denies the allegations set forth in paragraph 33 of the Second Amended Complaint.

34.     Denies knowledge or information sufficient to respond regarding the allegations set forth in paragraph 34 of the Second Amended Complaint.

35.     Admits the allegations set forth in paragraph 35 of the Second Amended Complaint.

36.     Denies the allegations set forth in paragraph 36 of the Second Amended Complaint.

37.     Denies the allegations set forth in paragraph 37 of the Second Amended Complaint, except admits that Kate's has commenced a summary proceeding.

38.     Denies the allegations set forth in paragraph 38 of the Second Amended Complaint.

39.     Denies the allegations set forth in paragraph 39 of the Second Amended Complaint.

40.     States that no answer is required to paragraph 40 of the Second Amended Complaint because that paragraph contains only a request for relief, and to the extent that a response is required, denies the allegations in that paragraph.

## AS AND FOR A THIRD CAUSE OF ACTION
## (BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING)

41.     In response to paragraph 41 of the Second Amended Complaint, Kate's repeats and realleges paragraphs 1-40 above as if fully set forth herein.

42.     States that no answer is required to the allegations set forth in paragraph 42 because each such allegation is a legal conclusion to which no answer is required, and to the extent that a response is required, denies the allegations.

43.     Denies the allegations set forth in paragraph 43 of the Second Amended Complaint.

44.     Denies the allegations set forth in paragraph 44 of the Second Amended Complaint.

45.     Denies the allegations set forth in paragraph 45 of the Second Amended Complaint.

46.     Denies the allegations set forth in paragraph 46 of the Second Amended Complaint.

47.     Denies the allegations set forth in paragraph 47 of the Second Amended Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (PROMISSORY ESTOPPEL)

48.     In response to paragraph 48 of the Second Amended Complaint, Kate's repeats and realleges paragraphs 1-47 above as if fully set forth herein.

49.     Denies the allegations set forth in paragraph 49 of the Second Amended Complaint.

50.     Denies the allegations set forth in paragraph 50 of the Second Amended Complaint.

51.     Denies the allegations set forth in paragraph 51 of the Second Amended Complaint.

52.     Denies the allegations set forth in paragraph 52 of the Second Amended Complaint.

53.     Denies the allegations set forth in paragraph 53 of the Second Amended Complaint.

54.     Denies the allegations set forth in paragraph 54 of the Second Amended Complaint.

## AS AND FOR AN FIFTH CAUSE OF ACTION
## (BREACH OF IMPLIED CONTRACT)

55.     In response to paragraph 55 of the Second Amended Complaint, Kate's repeats and realleges paragraphs 1-54 above as if fully set forth herein.

56.     Denies the allegations set forth in paragraph 56 of the Second Amended Complaint.

57.     States that no answer is required to the allegations set forth in paragraph 57 because each such allegation is a legal conclusion to which no answer is required, and to the extent that a response is required, denies the allegations.

58.     Denies the allegations set forth in paragraph 58 of the Second Amended Complaint.

## AS AND FOR A SIXTH CAUSE OF ACTION
## (UNJUST ENRICHMENT)

59.     In response to paragraph 59 of the Second Amended Complaint, Kate's repeats and realleges paragraphs 1-58 above as if fully set forth herein.

60.     Denies the allegations set forth in paragraph 60 of the Second Amended Complaint.

61.     States that no answer is required to the allegations set forth in paragraph 61 because each such allegation is a legal conclusion to which no answer is required, and to the extent that a response is required, denies the allegations.

62.     States that no answer is required to the allegations set forth in paragraph 62 because each such allegation is a legal conclusion to which no answer is required, and to the extent that a response is required, denies the allegations.

63.     Denies the allegations set forth in paragraph 63 of the Second Amended Complaint.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(BREACH OF CONTRACT)**

64.     In response to paragraph 64 of the Second Amended Complaint, Kate's repeats and realleges paragraphs 1-63 above as if fully set forth herein.

65.     Denies the allegations set forth in paragraph 65 of the Second Amended Complaint.

66.     Denies the allegations set forth in paragraph 66 of the Second Amended Complaint.

67.     Denies the allegations set forth in paragraph 67 of the Second Amended Complaint.

**DEFENSES AND AFFIRMATIVE DEFENSES**

**FIRST**

The Civil Court of the State of New York, County of New York is currently considering whether the Shop-in-Shop Letter of Intent constitutes a lease. The determination of that Court will bar Kolo's claims under the Shop-in-Shop Letter of Intent by application of the doctrines of res judicata and collateral estoppel.

**SECOND**

The Second Amended Complaint fails to state a claim upon which relief can be granted.

**THIRD**

Kolo's claims are barred by the doctrines of estoppel, laches and waiver.

**FOURTH**

Kolo's claims are barred by the doctrine of unclean hands.

**FIFTH**

Kolo has suffered no damages not sustained as a result of Kolo's own actions.

**SIXTH**

Defendant reserves its right to assert additional defenses and affirmative defenses as they become known to it.

**WHEREFORE**, Kate's demands judgment dismissing the Second Amended Complaint with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees and such other and further relief as the Court deems just and proper.

Dated: New York, New York
     March 31, 2008

    KIRKPATRICK & LOCKHART
    PRESTON GATES ELLIS LLP

By: *David S. Versfelt*
    David S. Versfelt (DV 8935)
    Elizabeth M. Harris (EH 4368)

    599 Lexington Avenue
    New York, New York 10022
    212-536-3900

    *Attorneys for Defendant*
    Kate's Paperie, Ltd.

David S. Versfelt (DV 8935)
Elizabeth M. Harris (EH 4368)
KIRKPATRICK & LOCKHART
 PRESTON GATES ELLIS LLP
599 Lexington Avenue
New York, New York 10022
Telephone: 212.536.3900
Facsimile: 212.536.3901

Attorneys for Defendant Kate's Paperie, Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

KOLO, LLC,                                      :

                        Plaintiff,              :

                                                :
            v.                                  :          No.: 07-Civ.-10653 (CM)
                                                :
                                                :          **AFFIDAVIT OF SERVICE**
                                                :
KATE'S PAPERIE, LTD.,                           :

                        Defendant.              :

                                                :

-------------------------------------------------------x

            STATE OF NEW YORK    )
                                 ) ss.:
            COUNTY OF NEW YORK )

            ELIZABETH M. HARRIS, being duly sworn, deposes and says:

            1.      I am employed by the firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP,

having offices at 599 Lexington Avenue, New York, New York 10022.  I am over eighteen years

of age and am not a party to this action.

            2.      On March 31, 2008, I caused to be served by electronic mail the **Answer to**

**Second Amended Complaint** on the following:

            Robert Varga, Esq.
            Goldberg Segalla LLP
            170 Hamilton Avenue
            Suite 203
            White Plains, NY 10601

Sworn to before me this
31st day of March, 2008

Notary Public                                              Elizabeth M. Harris

                        AARON MENZI
                NOTARY PUBLIC, State of New York
                        No. 01ME5075930
                Qualified in New York County
                Commission Expires September 24, 20 11