David S. Versfelt (DV 8935)
Elizabeth M. Harris (EH 4368)
KIRKPATRICK & LOCKHART
 PRESTON GATES ELLIS LLP
599 Lexington Avenue
New York, New York 10022
Telephone: 212.536.3900
Facsimile: 212.536.3901

Attorneys for Defendant Kate's Paperie, Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

KOLO, LLC,

           Plaintiff,

    v.                                                        No.: 07-Civ.-10653 (CM)

KATE'S PAPERIE, LTD.,

           Defendant.

------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY DEFENDANT KATE'S PAPERIE, LTD. TO STRIKE THE THIRD AMENDED COMPLAINT**

NY-603163 v1

i

TABLE OF CONTENTS

Page

**PRELIMINARY STATEMENT** ...................................................................................................1

**BACKGROUND** ..........................................................................................................................2

**ARGUMENT** ................................................................................................................................5

    KOLO'S WITHDRAWAL OF ITS DECLARATORY JUDGMENT
    CLAIM VIA THE THIRD AMENDED COMPLAINT IS PART
    OF AN OBSTRUCTIONIST STRATEGY OF DELAY ....................................................5

**CONCLUSION** .............................................................................................................................9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Emmpresa Cubana Del Tabaco v. Culbro Corp.*, 213 F.R.D. 151 (S.D.N.Y.2003) ...................... 7

*Hoffman Motors Corp. v. Alfa Romeo*, 244 F.Supp. 70 (S.D.N.Y.1965) ........................................ 7

*Krumme v. Westpoint Stevens Inc.*, 143 F.3d 71 (2d Cir. 1998) ...................................................... 6

*Mackensworth v. S.S. American Merchant*, 28 F.3d 246, 251 (2d Cir. 1994) ................................ 6

*Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240 (2d Cir. 1991) ........................ 6

*Purple Passion, Inc. v. RCN Telecom Services, Inc.*, 406 F. Supp. 2d 245 (S.D.N.Y. 2005) ...... 7,8

*Roth v. McAllister Bros., Inc., Roth v. McAllister Bros., Inc.*, 316 F.2d 143 (2d Cir. 1963) ........... 4

*Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197 (2d Cir. 1970) ........................................ 7

*Young v. Southern Pac. Co.*, 25 F.2d 630 (2d Cir. 1928) ................................................................ 8

## STATE CASES

*Cartesion Broadcasting Network, Inc. v. Robeco*, 809 N.Y.S.2d 480 (Sup. Ct. N.Y. Cty. 2005), affirmed, 43 A.D.3d 311, 841 N.Y.S.2d 26 (App. Div. 1st Dep't 2007) ............................ 4

*In re Abady*, 22 A.D.3d 71, 85, 800 N.Y.S.2d 651, 661 (App. Div. 1st Dep't 2005) ..................... 4

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. Pr. 11(b)(1) .............................................................................................................. 8,9

Fed. R. Civ. Pr. 12(f) ................................................................................................................. 2,3,6

Fed. R. Civ. Pr. 15(a)(1) .................................................................................................................. 6

Fed. R. Civ. Pr. 16(b)(3)(A) ............................................................................................................ 6

Defendant Kate's Paperie, Ltd. ("Kate's") respectfully submits this memorandum of law in support of its Motion to Strike the Third Amended Complaint of Kolo, LLC ("Kolo" or "Plaintiff"), filed on April 21, 2008, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Kolo apparently will try any conceivable procedural gambit to avoid a Civil Court ("Landlord-Tenant Court") determination as to its rights – or lack of rights – under the Shop-in-Shop Letter of Intent (herein "LOI"). Kolo has reduced its claims in this action to the level of procedural pawns to be asserted or withdrawn at Kolo's whim so as to interfere with Kate's Landlord-Tenant proceeding.

Kolo's latest strategy – withdrawing its claim for a declaratory judgment in this Court by filing the Third Amended Complaint on April 21, and then filing <u>the exact same claim</u> for declaratory relief in New York Supreme Court <u>the very next day</u> as part of a motion to enjoin Kate's Landlord-Tenant proceeding – is nothing less than forum, and judge, shopping.[1] Kolo is simply trying to use the declaratory judgment claim that was before this Court as a means to commence an action in New York Supreme Court, and then to assert that Supreme Court action as a means for enjoining Landlord-Tenant proceedings. Meanwhile, Kate's incurs substantial litigation costs and fees, as well as suffering Kolo's continued unwanted presence in its space. With Kolo's newly-filed Supreme Court action as a potential means of halting proceedings in Civil Court, there seems to be no end to this case.

---

[1] What makes Kolo's brazen tactics particularly transparent is the fact that the claim for declaratory judgment that Kolo purported to withdraw on April 21 had been asserted by Kolo in this Court only a month earlier in Kolo's Second Amended Complaint, filed March 17, 2008.

Such behavior should not be countenanced. This Court has discretion to strike the Third Amended Complaint under Rule 12(f) of the Federal Rules of Civil Procedure. Doing so will make clear to Kolo and its counsel that claims must be asserted in good faith rather than for purposes of procedural gamesmanship.

## BACKGROUND

As this Court is aware, Kolo commenced this action in November 2007, alleging that the LOI constitutes a binding lease. On January 31, 2008 Kolo sought a TRO and preliminary injunction by order to show cause to enjoin Kate's from proceeding in Landlord-Tenant Court for an order to evict Kolo. On February 19, after full briefing and a day-long evidentiary hearing, this Court determined that it would not interfere with the Landlord-Tenant Action. The Court noted that "a decision that the Civil Court is without jurisdiction will necessarily be a decision that there is no lease . . . and that's where that decision is going to be made . . . ." (Ruling of Hon. C. McMahon, U.S.D.J., Feb. 19, 2008, attached hereto as Exhibit C to the Affirmation of Elizabeth Harris (hereafter, "Harris Affirmation")), at 69-70. Nevertheless, on March 17, Kolo filed the Second Amended Complaint herein seeking a declaratory judgment from this Court that it has a lease. (Second Amended Compl., Harris Aff. Exh. A).

The parties appeared in Landlord-Tenant Court on March 18 for a determination of Kolo's right to occupy the premises. Kolo's counsel informed the court that a declaratory judgment claim was already pending in the Federal Action, but did <u>not</u> inform the court that the claim had been filed the day before despite the Court's recognition on February 19 that the matter belonged in Landlord-Tenant Court. Judge Padilla declined to stay the proceeding, and because Kolo had failed to timely file an answer, it was found to be in default. The matter was referred to the Honorable Joan M. Kenney, J.C.C., who conducted an inquest at which she heard

testimony and reviewed documentary evidence regarding Kolo's purported right to possession.[2] On April 3, Judge Kenney issued a three-page written decision, finding that the "letter of intent was merely an agreement to agree, and did not set forth any terms and/or conditions, that would lead [the] court to conclude that there was, in fact, a landlord/tenant relationship that was created as a result of said document." (Decision and Order, April 2, 2008, Harris Aff. Exh. F, at 3). As had been predicted by this Court, Judge Kenney was compelled to dismiss Kate's petition because it had been phrased in terms of a "tenancy" interest, and no landlord-tenant relationship in fact existed.

Rather than resorting to self-help, Kate's on April 12 served Kolo with a 10-day notice to vacate the premises based upon any purported license between the parties. (Notice to Vacate Premises, Harris Aff. Ex. H). At that point, Kolo apparently adopted a strategy to use any and every procedure to interfere with the second Landlord-Tenant proceeding.

On April 22, Kolo <u>again</u> filed for a preliminary injunction and temporary restraining order by way of order to show cause to prevent Kate's from proceeding in Landlord-Tenant Court. But once again Kolo did not move in this Court. Instead, Kolo filed its motion in New York State Supreme Court (the "Supreme Court Action") along with a complaint filed that day in Supreme Court containing *a single claim seeking a declaration that the LOI constitutes a lease.*

---

[2] Kolo's counsel was present for the inquest and was permitted to challenge evidence, but refused to participate at all in the proceeding. Kolo's default in Landlord-Tenant Court does not destroy the preclusive effect of Judge Kenney's decision. Courts in New York have consistently held that collateral estoppel applies to default judgments "where the party against whom preclusion is sought appears in the prior action, yet willfully and deliberately refuses to participate in those litigation proceedings, or abandons them, despite a full and fair opportunity to do so." *E.g., In re Abady*, 22 A.D.3d 71, 85, 800 N.Y.S.2d 651, 661 (1st Dep't 2005); *Cartesion Broadcasting Network, Inc. v. Robeco USA*, 809 N.Y.S.2d 480 (Sup. Ct. N.Y. Cty. 2005), <u>affirmed</u>, 43 A.D.3d 311, 841 N.Y.S.2d 26 (1st Dep't 2007); *see also Roth v. McAllister Bros., Inc.*, 316 F.2d 143, 145 (2d Cir. 1963)(holding that "a tribunal always possesses jurisdiction to determine its jurisdiction, and any fact upon which that decision is grounded may serve as the basis for an estoppel by judgment in any later action").

3

(Verified Compl., Harris Exh. G). That claim for declaratory relief is in haec verba the claim that Kolo had asserted in this Court in its Second Amended complaint filed on the eve of the first Landlord-Tenant proceeding, on March 17, 2008. In order to avoid having the same claim asserted simultaneously in two courts – and apparently wanting to avoid this Court altogether – Kolo had, the day before, purportedly withdrawn the declaratory judgment claim that was before this Court by filing the Third Amended Complaint, which omits the claim. Thus, Kolo amended its Complaint herein on April 21 – the last day permitted under the case management order – and used that same claim for declaratory relief to start the Supreme Court Action.

With regard to Kolo's order to show cause in Supreme Court to prevent the second Landlord-Tenant proceeding, the Hon. Martin Shulman, J.S.C., on April 23, 2008 arrived at the same conclusion as had this Court: that Landlord-Tenant Court is the appropriate forum to consider any validity of the LOI. Judge Shulman therefore declined to sign the order to show cause. (Order of the Hon. Martin Shulman, J.S.C., Harris Aff. Exh. D).

Only one week later, on the day the Landlord-Tenant proceeding was to commence, Kolo made its third attempt to delay the Landlord-Tenant proceeding. On May 2, Kolo obtained an adjournment on the basis that it had, that morning, filed a motion by way of order to show cause to consolidate the Landlord-Tenant and Supreme Court actions. Judge Shulman again declined to sign Kolo's proposed order, stating that Kolo's "concerns can and should be addressed and disposed of in the pending holdover proceeding. See, e.g., Post v. 120 East End Ave. Corp., 62 N.Y.2d 19, 28 (1984)." (Order of Hon. Martin Shulman, J.S.C., dated May 2, 2008, entered May 7, 2008, Harris Aff. Exh. E). However, by that time Kolo had already managed to obtain an adjournment. The Landlord-Tenant Action is now scheduled for May 15, 2008, but Kolo can be expected to undertake further motion practice to delay any hearing on the merits. Even if Kate's

is successful in the Landlord-Tenant action, it faces the prospect of having to dispose of the single declaratory judgment claim in Supreme Court, as well as the claims for alleged damages still pending in this Court.

## ARGUMENT

### KOLO'S WITHDRAWAL OF ITS DECLARATORY JUDGMENT CLAIM VIA THE THIRD AMENDED COMPLAINT IS PART OF AN OBSTRUCTIONIST STRATEGY OF DELAY.

Kolo can offer no valid explanation for suddenly withdrawing its declaratory judgment claim from this Court a mere four weeks after it was added via the Second Amended Complaint, as this Court is clearly capable of adjudicating the merits of the claim.

Pursuant to Rule 15(a)(1), a party may amend its pleading once as a matter of course and thereafter "with the opposing party's written consent or the court's leave." Fed. R. Civ. Pr. 15(a)(1)(2). The civil case management plan entered by the Court on January 15, 2008 provides that "amended pleadings [are] due by 4/21/2008." While a scheduling order limits the time in which the parties may amend the pleadings, *see* Fed. R. Civ. Pr. 16(b)(3)(A), an amendment need not be granted "merely because [it] is filed within the time allowed by the scheduling order . . ." 3 *Moore's Federal Practice*, § 15.14[1] (3d ed. 2007)(footnotes omitted); *see also Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 244-45 (2d Cir. 1991) (Rule 15(a) should not be "employed in a way that is contrary to the philosophy favoring . . . the expeditious termination of litigation.").

The Second Circuit has held that the "'touchstones of a district court's discretionary authority to deny leave to amend'" are "'considerations of undue delay, bad faith, and prejudice to the opposing party . . . .'" *Krumme v. Westpoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998); *see also Mackensworth v. S.S. American Merchant*, 28 F.3d 246, 251 (2d Cir. 1994). In that regard, Rule 12(f) provides that "the court may order stricken from any pleading ... any

redundant, immaterial, impertinent, or scandalous matter." *See Emmpresa Cubana Del Tabaco v. Culbro Corp.*, 213 F.R.D. 151, 155 (S.D.N.Y.2003). Motions to strike a complaint "are addressed to the discretion of the [district] court...." *Hoffman Motors Corp. v. Alfa Romeo*, 244 F.Supp. 70, 81 (S.D.N.Y.1965).

Kolo's tactic here is simple and transparent. Discouraged by this Court's refusal to enjoin Kate's from proceeding in Landlord-Tenant Court, and frustrated by Judge Kenney's decision that the LOI is <u>not</u> a lease, the Third Amended Complaint is an attempt by Kolo to engage in forum shopping, as well as judge shopping. By purporting to withdraw its claim for declaratory judgment from this Court and filing it instead in Supreme Court, Kolo now seeks to halt the Landlord-Tenant proceeding in favor of a drawn-out battle in Supreme Court. Essentially, Kolo saw "a storm brewing in the first court [and is now trying] to weigh anchor and set sail for the hopefully more favorable waters of another district." *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1203 (2d Cir. 1970).

Indeed, this Circuit has consistently admonished plaintiffs for similar activity. *Purple Passion, Inc. v. RCN Telecom Services, Inc.* is instructive in this regard. 406 F. Supp. 2d 245 (S.D.N.Y. 2005). In *Purple Passion*, the plaintiff removed its case from state court to federal court on the basis of diversity jurisdiction. *Id.* at 246. In federal court, the plaintiff moved for leave to amend the complaint and remand the case back to state court by reducing the amount of damages to $74,000. *Id.* The Court, clearly unimpressed with the plaintiff's tactic, permitted amendment of the complaint to decrease its damages amount, but refused to remand the case to state court, finding that "[s]uch gamesmanship, and the resulting ping-ponging of cases from state to federal court and back again, should not be permitted." *Id.* at 247.

Kolo's conduct here is no different from the type admonished by the Court in *Purple Passion*. Kolo's "ping-ponging" of claims between federal and state court will no doubt cause unnecessarily delay and expense to both parties, as well as waste valuable judicial resources. There is simply no difference between the issues arising from the declaratory judgment claim in the Second Amended Complaint in this action and the declaratory judgment claim Kolo asserts in Supreme Court – except that the Supreme Court starts anew, without this Court's familiarity with the parties and the underlying facts.

Most importantly, however, Kate's will be prejudiced in that it will be forced to proceed with a duplicative action in a new forum where identical discovery will almost certainly be asserted by Kolo as necessary. In light of this Court's assertion at the February 19 hearing that it intends to respect the decision of the Landlord-Tenant court, and in light of Judge Kenney's subsequent decision, Kolo undoubtedly seeks to deprive Kate's of any perceived advantage it has so far gained by instituting a competing action in another forum. As noted by Judge Learned Hand, "[o]rdinarily . . . one court is as good as another. But the situation changes . . . when the plaintiff's purpose is so to maneuver the litigation that the defendant will lose his existing advantage. The loss of the federal forum then becomes a grave prejudice . . . ." *Young v. Southern Pac. Co.*, 25 F.2d 630, 632 (2d Cir. 1928) (concurring). The only cognizable remedy is for this Court to strike the Third Amended Complaint, thus retaining the claims asserted in the Second Amended Complaint, to which Kate's has already answered.

It is worth noting that Kolo's conduct falls dangerously close to a Rule 11 violation. Rule 11(b)(1) expressly prohibits a party from presenting to the court a pleading "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation". The Court may, as a remedy, strike a pleading which runs afoul of Rule 11. *See* Fed.

R. Civ. Pr. 11, Advisory Committee Notes at 87 ("Rule 11 has provided for the striking of pleadings . . .").

## CONCLUSION

Kolo has employed every tactic conceivable to avoid eviction. Its conduct in withdrawing the declaratory judgment claim, only to re-file the claim in Supreme Court the very next day in the hope of stalling the Landlord-Tenant action that properly should determine the remaining issues, constitutes nothing less than an abuse of judicial process that should not be condoned.

Dated:  New York, New York
        May 12, 2008

Respectfully submitted,

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP

By: _____
David S. Versfelt (DV 8935)
Elizabeth M. Harris (EH 4368)

599 Lexington Avenue
New York, NY 10022-6030
212-536-3900
212-536-3901 (fax)

*Attorneys for Defendant Kate's Paperie, Ltd.*