UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                    :

KOLO, LLC,                     :

             Plaintiff,    :        07 Civ. 10653 (CM)

                             :

        v.                 :

                             :

                             :

KATE'S PAPERIE, LTD.,     :

             Defendant.   

------------------------------------------------------x

**AFFIRMATION OF ELIZABETH M. HARRIS, ESQ. IN SUPPORT**
**OF MOTION TO STRIKE THE THIRD AMENDED COMPLAINT**

STATE OF NEW YORK    )
                      :
COUNTY OF NEW YORK  )

    I, Elizabeth M. Harris, hereby affirm and state as follows:

    1.      I am an attorney duly admitted to practice in the courts of New York State and before this Court. I am an associate in the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP, which represents defendant Kate's Paperie, Ltd. ("Defendant") in this action. I am personally familiar with the specific matters asserted herein.

    2.      I submit this affirmation in support of Defendant's motion to strike the Third Amended Complaint.

    3.      Attached hereto as Exhibit A is a true and correct copy of the Second Amended Complaint filed in the United States District Court, Southern District of New York, dated March 17, 2008.

4.    Attached hereto as Exhibit B is a true and correct copy of the Third Amended Complaint filed in the United States District Court, Southern District of New York, dated April 21, 2008.

5.    Attached hereto as Exhibit C is a true and correct copy of the Ruling of the Hon. Colleen McMahon, U.S.D.J., Feb. 19, 2008.

6.    Attached hereto as Exhibit D is a true and correct copy of the Order of the Hon. Martin Shulman, J.S.C., dated April 23, 2008 and entered April 25, 2008.

7.    Attached hereto as Exhibit E is a true and correct copy of the Order of the Hon. Martin Shulman, J.S.C., dated May 2, 2008 and entered May 7, 2008.

8.    Attached hereto as Exhibit F is a true and correct copy of the Decision and Order of the Hon. Joan M. Kenney, J.C.C., dated April 2, 2008.

9.    Attached hereto as Exhibit G is a true and correct copy of the Verified Complaint filed in New York State Supreme Court, County of New York, dated April 22, 2008.

10.   Attached hereto as Exhibit H is a true and correct copy of the Notice to Vacate Premises, dated April 11, 2008.

_____
Elizabeth M. Harris

Dated: May 12, 2008
       New York, New York

# Exhibit A

Frank J. Ciano, Esq. (FJC – 4981)
Robert Varga, Esq. (RV – 0636)
GOLDBERG SEGALLA LLP
*ATTORNEYS FOR PLAINTIFF*
*KOLO RETAIL, LLC*
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
Tel: (914) 798-5410
Fax: (914) 798-5401
fciano@goldbergsegalla.com
rvarga@goldbergsegalla.com



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

KOLO RETAIL, LLC,

              Plaintiff,

-against-

KATE'S PAPERIE, LTD.,

              Defendant.

07 CIV. 10653

**SECOND AMENDED
COMPLAINT**

**JUDGE: McMAHON**

Plaintiff Demands a Jury Trial

      Plaintiff, by its attorneys, GOLDBERG SEGALLA LLP, by way of complaint, *inter alia*, for declaratory judgment pursuant to 28 U.S.C. §2201(a), against Defendant, KATE'S PAPERIE, LTD., complains of the defendant and alleges upon information and belief as follows:

**PARTIES**

      1.    The Plaintiff, KOLO RETAIL, LLC (hereinafter "KOLO"), a Delaware limited liability company with a business location at 241 Asylum Street, Hartford, Connecticut 06103, is in the business of selling, on a retail and wholesale basis, photo presentation and storage products, including photo albums, storage boxes, journals and accessories to its customers.

      2.    The Defendant, KATE'S PAPERIE, LTD. (hereinafter "KATE'S PAPERIE"), a domestic company organized and existing by virtue of the laws of the state of New York with a

principal business located at 460 West 34th Street, New York, New York 10001, is in the business of selling, on a retail basis, paper, journals, desk accessories, photo albums, frames, ribbon, giftwrap, and planners.

3.    The Defendant, KATE'S PAPERIE, a domestic company organized and existing by virtue of the laws of the state of New York with a principal business located in New York County, is in the business of selling, on a retail basis, paper, journals, desk accessories, photo albums, frames, ribbon, giftwrap, and planners.

## JURISDICTION

4.    The amount in controversy herein exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

5.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 (diversity of citizenship).

6.    Venue is proper within this District pursuant to 28 U.S.C. §1391(a).

## BACKGROUND

7.    On or about May 9, 2007, the parties entered into a Letter of Intent (hereinafter Shop-in-Shop Agreement") for KOLO to sub-lease approximately 450 square feet of the premises located at 72 Spring Street, New York, New York for a period of one year with the right to renew for additional one (1) year terms. The Shop-in-Shop Agreement is attached as Exhibit "1."

8.    On or about May 9, 2007 Mr. Lionel Flax on behalf of KATE'S PAPERIE signed the subject Shop-in-Shop Agreement.

9.    On or about May 9, 2007, by signing said Shop-in-Shop Agreement, Mr. Flax accepted the terms and conditions therein.

10.     On or about August 2, 2007, the parties entered into a Letter of Intent for KOLO to acquire 20% equity interest in KATE'S PAPERIE in consideration for KOLO providing, *inter alia*, certain workout and management services to KATE'S PAPERIE (hereinafter the "Acquisition LOI").

11.     Said workout and management services were to be provided by KOLO to assist KATE'S PAPERIE in reorganizing its financial and operational condition.

## AS AND FOR A FIRST CAUSE OF ACTION
## (BREACH OF AGREEMENT TO NEGOTIATE IN GOOD FAITH)

12.     KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "11" as if each were more fully set forth at length herein.

13.     Pursuant to the Acquisition LOI, KATE'S PAPERIE agreed to act in good faith to complete the negotiations for additional terms that were to be set forth in a final Agreement between the parties.

14.     On the basis of the terms set forth in the Acquisition LOI, KOLO proceeded in good faith to perform services, including the aforementioned workout and management services in anticipation of acquiring a 20% equity interest in KATE'S PAPERIE.

15.     Despite the agreed upon terms of the Acquisition LOI, KATE'S PAPERIE has refused to negotiate in good faith with KOLO.

16.     In addition, KATE'S PAPERIE engaged in discussions with third parties in which it solicited offers for its assets or securities, and in which it negotiated with respect to the disposition of its assets or securities, all in violation of the terms of the Acquisition LOI.

17.   As a result of the foregoing actions, KATE'S PAPERIE has breached said duty to act in good faith, has manifested a clear and conscious design to mislead and deceive KOLO and has acted in bad faith.

18.   KATE'S PAPERIE has willfully and intentionally breached said duty.

19.   As a result of said breach of the duty of good faith, KOLO has suffered substantial damages, including but not limited to out-of-pocket expenses and other expenses incurred in connection with the workout and management services that it provided to KATE'S PAPERIE.

20.   As a further result of the aforementioned breach of duty by KATE'S PAPERIE to negotiate in good faith, KOLO was forced to forego other investment opportunities, and incur other financial loss, all to its loss and detriment.

## AS AND FOR A SECOND CAUSE OF ACTION
## (BREACH OF CONTRACT)

21.   KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "20" as if each were more fully set forth at length herein.

22.   On or about May 9, 2007, the parties entered into a Shop-in-Shop Agreement whereby KATE'S PAPERIE agreed to provide KOLO with rental space to operate a retail store within three KATE'S PAPERIE stores located on Spring Street, 3rd Avenue, and 57th Street in New York, New York.

23.   Further, the Shop-in-Shop Agreement provided that KOLO would begin operating its first retail store within the KATE'S PAPERIE store located on Spring Street on or about June 1, 2007, with the other two locations opening shortly thereafter.

24.    Pursuant to the Shop-in-Shop Agreement, KOLO proceeded in good faith by opening its first retail store at the Spring Street location in anticipation of opening the other two locations shortly thereafter.

25.    On or about June 1, 2007, KOLO opened its first retail store at the 72 Spring Street location.

26.    Despite the agreed upon terms of the Shop-in-Shop Agreement, KATE'S PAPERIE has refused to provide KOLO with rental space in its stores located on 3rd Avenue and 57th Street.

27.    KOLO has performed all of its obligations under the Shop-in-Shop Agreement.

28.    KATE'S PAPERIE has materially breached its contractual obligations by failing to provide KOLO with rental space in the KATE'S PAPERIE stores located on 3rd Avenue and 57th Street.

29.    As a result of the aforementioned conduct by KATE'S PAPERIE, KOLO has suffered financial damages, including but not limited to expenses incurred in connection with the opening of a retail store within the KATE'S PAPERIE store located on Spring Street.

30.    As a further result of the aforementioned breach by KATE'S PAPERIE, KOLO has foregone other investment opportunities, and incurred other financial loss, all to its loss and detriment.

31.    KOLO is willing and able to perform under the Shop-in-Shop Agreement according to its obligations.

32.    Under these circumstances, KATE'S PAPERIE should be compelled to specifically perform its obligations under the Shop-in-Shop Agreement, including without

limitation providing KOLO with rental space at the KATE'S PAPERIE stores located on 3rd Avenue and 57th Street.

33.    KATE'S PAPERIE refuses to perform and is in breach of its obligations under the terms and conditions of the Shop-in-Shop Agreement.

34.    KOLO stands ready, willing, and able to perform the terms of the Shop-in-Shop Agreement and to consummate the transactions contemplated therein.

35.    On or after December 20, 2007, KATE'S PAPERIE caused a Notice of Termination to be served upon KOLO, which stated that KOLO'S possession and occupancy of the premises located at 72 Spring Street, New York, New York would terminate as of January 31, 2008.

36.    KATE'S PAPERIE further breached the Shop-in-Shop Agreement by serving the aforementioned Notice of Termination and said conduct caused KOLO to incur costs and expenses, including reasonable attorneys' fees, in defending against and taking actions in connection with said Notice of Termination.

37.    KATE'S PAPERIE also commenced summary proceedings against KOLO, which is in further breach of the Shop-in-Shop Agreement.

38.    If KATE'S PAPERIE is allowed to proceed with the summary proceedings against KOLO, KOLO will lose possession of the store at the Spring Street location, KOLO would lose its right to renew as per the Shop-in-Shop Agreement, and will be irreparably harmed thereby, including without limitation loss of customers, loss of good will, loss of visibility and market presence and loss of business reputation all of which to its detriment.

39.    As such, KATE'S PAPERIE should be compelled to pay KOLO damages.

40.    KOLO also requests that this Court declare, pursuant to 28 U.S.C. §2201(a) that (a) the Shop-in-Shop Agreement is valid and binding upon the parties, (b) that the Shop-in-Shop Agreement created a sub-lease for the three locations for initial one (1) year term with the right to renew for subsequent terms, and (c) the Notice of Termination is void and null because it was served in violation of the terms of the Shop-in-Shop Agreement.

## AS AND FOR A THIRD CAUSE OF ACTION
### (BREACH OF DUTY OF GOOD FAITH AND FAIR DEALINGS)

41.    KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "40" as if each were more fully set forth at length herein.

42.    As part of its contractual relationship under the Shop-in-Shop Agreement, KATE'S PAPERIE has a duty of good faith and fair dealing with KOLO.

43.    As a result of the foregoing actions, KATE'S PAPERIE has breached said duty of good faith and fair dealing, has manifested a clear and conscious design to mislead and deceive KOLO and has acted in bad faith.

44.    KATE'S PAPERIE has willfully and intentionally breached said duty.

45.    As a result of said breach of the duty of good faith and fair dealing, KOLO has suffered substantial damages, including but not limited to expenses incurred in connection with the opening of a retail store within the KATE'S PAPERIE store located on Spring Street.

46.    As a further result of the aforementioned breach of the duty of good faith and fair dealing by KATE'S PAPERIE, KOLO was forced to forego other investment opportunities, and incur other financial loss, all to its loss and detriment.

47.    As a further result of the breach by KATE'S PAPERIE, KOLO has been irreparably harmed and has no adequate remedy at law.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (PROMISSORY ESTOPPEL)

48.     KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "47" as if each were more fully set forth at length herein.

49.     KATE'S PAPERIE made a clear and definite promise to KOLO that it would provide KOLO with rental space at the KATE'S PAPERIE stores located on Spring Street, 3rd Avenue and 57th Street.

50.     In reasonable and foreseeable on this promise, KOLO incurred significant expenses in connection with the opening of a retail store within the KATE'S PAPERIE store located on Spring Street, in anticipation of opening additional retail stores at the other two locations shortly thereafter.

51.     KATE'S PAPERIE reasonably could have expected that its promise would induce KOLO's reliance on it.

52.     KOLO relied on KATE'S PAPERIE's promise to its detriment, resulting in costs, expenses and other economic damages, including but not limited to expenses incurred in connection with the opening of a retail store within the KATE'S PAPERIE store located on Spring Street, lost profits and loss of other business opportunities in monetary amounts that are difficult to assess and/or measure.

53.     If KATE'S PAPERIE's agreement to abide by the terms of the contract is not enforced, an injustice will occur.

54.     As a result of the breach by KATE'S PAPERIE, KOLO has been irreparably harmed and has no adequate remedy at law.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (BREACH OF IMPLIED CONTRACT)

55.    KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "54" as if each were more fully set forth at length herein.

56.    The KATE'S PAPERIE expressed its assent to the terms and conditions of the Shop-In-Shop Agreement by allowing certain pre-closing activities to occur.

57.    KATE'S PAPERIE thereafter breached the Shop-In-Shop Agreement, which was implied in fact, by failing to consummate the transactions contemplated by the Shop-In-Shop Agreement.

58.    As a result of the breach by the defendant, KOLO has been irreparably harmed and has no adequate remedy at law.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (UNJUST ENRICHMENT)

59.    KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "58" as if each were more fully set forth at length herein.

60.    The actions of KOLO as recited herein directly benefited and enriched Defendant.

61.    As a result of KATE PAPERIE's breaches as recited herein, KATE PAPERIE has been unjustly enriched in an amount to be determined at trial, plus interest, costs, and disbursements.

62.    KOLO further reserves its right to pursue quasi-contract theories of liability in the event, however unlikely, that KATE PAPERIE chooses to contest the validity of the Contract.

63.    As a result of the breach by the defendants, KOLO has been irreparably harmed and has no adequate remedy at law.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## (BREACH OF CONTRACT)

64.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "63" as if each were more fully set forth at length herein.

65.    At various times between approximately December 15, 2006 and April 11, 2007, KOLO sold and delivered a variety of goods to KATE'S PAPERIE, including photo albums and related items and goods.

66.    KATE'S PAPERIE agreed to pay KOLO for the aforementioned goods, in a total amount of $29,177.57 on demand.

67.    KATE'S PAPERIE has not paid for the said goods and KOLO, LLC is entitled to damages for this breach.

WHEREFORE, the Plaintiff, KOLO RETAIL, LLC, request that this court enter judgment as follows:

1.    Monetary and compensatory damages against Defendant;

2.    Order of specific performance directing the Defendant to provide KOLO with rental space at the Defendant's stores located on 3rd Avenue and 57th Street in New York, New York.

3.    Declaring that (a) the Shop-in-Shop Agreement is valid and binding upon the parties, (b) that the Shop-in-Shop Agreement created a sub-lease for the three locations for initial one (1) year term with the right to renew for subsequent terms, and (c) the Notice of Termination is void and null because it was served in violation of the terms of the Shop-in-Shop Agreement.

5.    Costs of collection; and

6.    Such other and further equitable relief as the court may deem appropriate.

Dated: White Plains, New York
       March 17, 2008

By: _____

       Frank J. Ciano, Esq. (FJC – 4981)
       Robert Varga, Esq. (RV – 0636)
       GOLDBERG SEGALLA LLP
       *ATTORNEYS FOR PLAINTIFF*
       *KOLO RETAIL, LLC*
       170 Hamilton Avenue, Suite 203
       White Plains, New York 10601
       Tel: (914) 798-5410
       Fax: (914) 798-5401
       fciano@goldbergsegalla.com
       rvarga@goldbergsegalla.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **SECOND AMENDED COMPLAINT** was served via regular mail on this 17th day of March, 2008, upon:

David S. Versfelt, Esq.
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
**ATTORNEYS FOR DEFENDANT
KATE'S PAPERIE, LTD.**
599 Lexington Avenue
New York, New York 10022

Robert Varga, Esq. (RV - 0636)

104518.1

# Exhibit B

Frank J. Ciano, Esq. (FJC – 4981)
Robert Varga, Esq. (RV – 0636)
GOLDBERG SEGALLA LLP
*ATTORNEYS FOR PLAINTIFF*
*KOLO RETAIL, LLC*
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
Tel: (914) 798-5410
Fax: (914) 798-5401
fciano@goldbergsegalla.com
rvarga@goldbergsegalla.com



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

KOLO RETAIL, LLC,

           Plaintiff,

   -against-

KATE'S PAPERIE, LTD.,

           Defendant.

07 CIV. 10653

**THIRD AMENDED
COMPLAINT**

**JUDGE: McMAHON**

Plaintiff Demands a Jury Trial

     Plaintiff, by its attorneys, GOLDBERG SEGALLA LLP, by way of complaint against Defendant, KATE'S PAPERIE, LTD., complains of the defendant and alleges upon information and belief as follows:

## PARTIES

    1.    The Plaintiff, KOLO RETAIL, LLC (hereinafter "KOLO"), a Delaware limited liability company with a business location at 241 Asylum Street, Hartford, Connecticut 06103, is in the business of selling, on a retail and wholesale basis, photo presentation and storage products, including photo albums, storage boxes, journals and accessories to its customers.

    2.    The Defendant, KATE'S PAPERIE, LTD. (hereinafter "KATE'S PAPERIE"), a domestic company organized and existing by virtue of the laws of the state of New York with a

principal business located at 460 West 34th Street, New York. New York 10001, is in the business of selling, on a retail basis, paper, journals, desk accessories, photo albums, frames, ribbon, giftwrap, and planners.

      3.     The Defendant, KATE'S PAPERIE, a domestic company organized and existing by virtue of the laws of the state of New York with a principal business located in New York County, is in the business of selling, on a retail basis, paper, journals, desk accessories, photo albums, frames, ribbon, giftwrap, and planners.

## JURISDICTION

      4.     The amount in controversy herein exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

      5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 (diversity of citizenship).

      6.     Venue is proper within this District pursuant to 28 U.S.C. §1391(a).

## BACKGROUND

      7.     On or about May 9, 2007, the parties entered into a Letter of Intent (hereinafter Shop-in-Shop Agreement") for KOLO to sub-lease approximately 450 square feet of the premises located at 72 Spring Street, New York, New York for a period of one year with the right to renew for additional one (1) year terms. The Shop-in-Shop Agreement is attached as Exhibit "1."

      8.     On or about May 9, 2007 Mr. Lionel Flax on behalf of KATE'S PAPERIE signed the subject Shop-in-Shop Agreement.

      9.     On or about May 9, 2007, by signing said Shop-in-Shop Agreement, Mr. Flax accepted the terms and conditions therein.

10.     On or about August 2, 2007, the parties entered into a Letter of Intent for KOLO to acquire 20% equity interest in KATE'S PAPERIE in consideration for KOLO providing, *inter alia*, certain workout and management services to KATE'S PAPERIE (hereinafter the "Acquisition LOI").

11.     Said workout and management services were to be provided by KOLO to assist KATE'S PAPERIE in reorganizing its financial and operational condition.

## AS AND FOR A FIRST CAUSE OF ACTION
## (BREACH OF AGREEMENT TO NEGOTIATE IN GOOD FAITH)

12.     KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "11" as if each were more fully set forth at length herein.

13.     Pursuant to the Acquisition LOI, KATE'S PAPERIE agreed to act in good faith to complete the negotiations for additional terms that were to be set forth in a final Agreement between the parties.

14.     On the basis of the terms set forth in the Acquisition LOI, KOLO proceeded in good faith to perform services, including the aforementioned workout and management services in anticipation of acquiring a 20% equity interest in KATE'S PAPERIE.

15.     Despite the agreed upon terms of the Acquisition LOI, KATE'S PAPERIE has refused to negotiate in good faith with KOLO.

16.     In addition, KATE'S PAPERIE engaged in discussions with third parties in which it solicited offers for its assets or securities, and in which it negotiated with respect to the disposition of its assets or securities, all in violation of the terms of the Acquisition LOI.

17.     As a result of the foregoing actions, KATE'S PAPERIE has breached said duty to act in good faith, has manifested a clear and conscious design to mislead and deceive KOLO and has acted in bad faith.

18.     KATE'S PAPERIE has willfully and intentionally breached said duty.

19.     As a result of said breach of the duty of good faith, KOLO has suffered substantial damages, including but not limited to out-of-pocket expenses and other expenses incurred in connection with the workout and management services that it provided to KATE'S PAPERIE.

20.     As a further result of the aforementioned breach of duty by KATE'S PAPERIE to negotiate in good faith, KOLO was forced to forego other investment opportunities, and incur other financial loss, all to its loss and detriment.

## AS AND FOR A SECOND CAUSE OF ACTION
## (BREACH OF CONTRACT)

21.     KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "20" as if each were more fully set forth at length herein.

22.     On or about May 9, 2007, the parties entered into a Shop-in-Shop Agreement whereby KATE'S PAPERIE agreed to provide KOLO with rental space to operate a retail store within three KATE'S PAPERIE stores located on Spring Street, 3rd Avenue, and 57th Street in New York, New York.

23.     Further, the Shop-in-Shop Agreement provided that KOLO would begin operating its first retail store within the KATE'S PAPERIE store located on Spring Street on or about June 1, 2007, with the other two locations opening shortly thereafter.

24.    Pursuant to the Shop-in-Shop Agreement, KOLO proceeded in good faith by opening its first retail store at the Spring Street location in anticipation of opening the other two locations shortly thereafter.

25.    On or about June 1, 2007, KOLO opened its first retail store at the 72 Spring Street location.

26.    Despite the agreed upon terms of the Shop-in-Shop Agreement, KATE'S PAPERIE has refused to provide KOLO with rental space in its stores located on 3rd Avenue and 57th Street.

27.    KOLO has performed all of its obligations under the Shop-in-Shop Agreement.

28.    KATE'S PAPERIE has materially breached its contractual obligations by failing to provide KOLO with rental space in the KATE'S PAPERIE stores located on 3rd Avenue and 57th Street.

29.    As a result of the aforementioned conduct by KATE'S PAPERIE, KOLO has suffered financial damages, including but not limited to expenses incurred in connection with the opening of a retail store within the KATE'S PAPERIE store located on Spring Street.

30.    As a further result of the aforementioned breach by KATE'S PAPERIE, KOLO has foregone other investment opportunities, and incurred other financial loss, all to its loss and detriment.

31.    KOLO is willing and able to perform under the Shop-in-Shop Agreement according to its obligations.

32.    Under these circumstances, KATE'S PAPERIE should be compelled to specifically perform its obligations under the Shop-in-Shop Agreement, including without

limitation providing KOLO with rental space at the KATE'S PAPERIE stores located on 3rd Avenue and 57th Street.

33.    KATE'S PAPERIE refuses to perform and is in breach of its obligations under the terms and conditions of the Shop-in-Shop Agreement.

34.    KOLO stands ready, willing, and able to perform the terms of the Shop-in-Shop Agreement and to consummate the transactions contemplated therein.

35.    On or after December 20, 2007, KATE'S PAPERIE caused a Notice of Termination to be served upon KOLO, which stated that KOLO'S possession and occupancy of the premises located at 72 Spring Street, New York, New York would terminate as of January 31, 2008.

36.    KATE'S PAPERIE further breached the Shop-in-Shop Agreement by serving the aforementioned Notice of Termination and said conduct caused KOLO to incur costs and expenses, including reasonable attorneys' fees, in defending against and taking actions in connection with said Notice of Termination.

37.    KATE'S PAPERIE also commenced summary proceedings against KOLO, which is in further breach of the Shop-in-Shop Agreement.

38.    KATE'S PAPERIE further breached the Shop-in-Shop Agreement by serving upon KOLO a Notice to Vacate Premises, dated April 11, 2008, which will cause KOLO to incur costs and expenses, including reasonable attorneys' fees, in defending against and taking actions in connection with said Notice to Vacate Premises.

39.    If KATE'S PAPERIE is allowed to proceed with a summary proceedings against KOLO, KOLO will lose possession of the store at the Spring Street location, KOLO would lose its right to renew as per the Shop-in-Shop Agreement, and will be irreparably harmed thereby,

including without limitation loss of customers, loss of good will, loss of visibility and market presence and loss of business reputation all of which to its detriment.

40.     As such, KATE'S PAPERIE should be compelled to pay KOLO damages.

## AS AND FOR A THIRD CAUSE OF ACTION
## (BREACH OF DUTY OF GOOD FAITH AND FAIR DEALINGS)

41.     KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "40" as if each were more fully set forth at length herein.

42.     As part of its contractual relationship under the Shop-in-Shop Agreement, KATE'S PAPERIE has a duty of good faith and fair dealing with KOLO.

43.     As a result of the foregoing actions, KATE'S PAPERIE has breached said duty of good faith and fair dealing, has manifested a clear and conscious design to mislead and deceive KOLO and has acted in bad faith.

44.     KATE'S PAPERIE has willfully and intentionally breached said duty.

45.     As a result of said breach of the duty of good faith and fair dealing, KOLO has suffered substantial damages, including but not limited to expenses incurred in connection with the opening of a retail store within the KATE'S PAPERIE store located on Spring Street.

46.     As a further result of the aforementioned breach of the duty of good faith and fair dealing by KATE'S PAPERIE, KOLO was forced to forego other investment opportunities, and incur other financial loss, all to its loss and detriment.

47.     As a further result of the breach by KATE'S PAPERIE, KOLO has been irreparably harmed and has no adequate remedy at law.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (PROMISSORY ESTOPPEL)

48.    KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "47" as if each were more fully set forth at length herein.

49.    KATE'S PAPERIE made a clear and definite promise to KOLO that it would provide KOLO with rental space at the KATE'S PAPERIE stores located on Spring Street, 3rd Avenue and 57th Street.

50.    In reasonable and foreseeable on this promise, KOLO incurred significant expenses in connection with the opening of a retail store within the KATE'S PAPERIE store located on Spring Street, in anticipation of opening additional retail stores at the other two locations shortly thereafter.

51.    KATE'S PAPERIE reasonably could have expected that its promise would induce KOLO's reliance on it.

52.    KOLO relied on KATE'S PAPERIE's promise to its detriment, resulting in costs, expenses and other economic damages, including but not limited to expenses incurred in connection with the opening of a retail store within the KATE'S PAPERIE store located on Spring Street, lost profits and loss of other business opportunities in monetary amounts that are difficult to assess and/or measure.

53.    If KATE'S PAPERIE's agreement to abide by the terms of the contract is not enforced, an injustice will occur.

54.    As a result of the breach by KATE'S PAPERIE, KOLO has been irreparably harmed and has no adequate remedy at law.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (BREACH OF IMPLIED CONTRACT)

55.     KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "54" as if each were more fully set forth at length herein.

56.     The KATE'S PAPERIE expressed its assent to the terms and conditions of the Shop-In-Shop Agreement by allowing certain pre-closing activities to occur.

57.     KATE'S PAPERIE thereafter breached the Shop-In-Shop Agreement, which was implied in fact, by failing to consummate the transactions contemplated by the Shop-In-Shop Agreement.

58.     As a result of the breach by the defendant, KOLO has been irreparably harmed and has no adequate remedy at law.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (UNJUST ENRICHMENT)

59.     KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "58" as if each were more fully set forth at length herein.

60.     The actions of KOLO as recited herein directly benefited and enriched Defendant.

61.     As a result of KATE PAPERIE's breaches as recited herein, KATE PAPERIE has been unjustly enriched in an amount to be determined at trial, plus interest, costs, and disbursements.

62.     KOLO further reserves its right to pursue quasi-contract theories of liability in the event, however unlikely, that KATE PAPERIE chooses to contest the validity of the Contract.

63.     As a result of the breach by the defendants, KOLO has been irreparably harmed and has no adequate remedy at law.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## (BREACH OF CONTRACT)

64.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "63" as if each were more fully set forth at length herein.

65.     At various times between approximately December 15, 2006 and April 11, 2007, KOLO sold and delivered a variety of goods to KATE'S PAPERIE, including photo albums and related items and goods.

66.     KATE'S PAPERIE agreed to pay KOLO for the aforementioned goods, in a total amount of $29,177.57 on demand.

67.     KATE'S PAPERIE has not paid for the said goods and KOLO, LLC is entitled to damages for this breach.

/

/

/

/

/

/

/

/

/

**WHEREFORE**, the Plaintiff, KOLO RETAIL, LLC, request that this court enter judgment as follows:

1.    Monetary and compensatory damages against Defendant;

2.    Order of specific performance directing the Defendant to provide KOLO with rental space at the Defendant's stores located on 3rd Avenue and 57th Street in New York, New York;

3.    Costs of collection; and

4.    Such other and further equitable relief as the court may deem appropriate.

Dated:  White Plains, New York
        April 21, 2008

By:_____
    Frank J. Ciano, Esq. (FJC – 4981)
    Robert Varga, Esq. (RV – 0636)
    GOLDBERG SEGALLA LLP
    *ATTORNEYS FOR PLAINTIFF*
    *KOLO RETAIL, LLC*
    170 Hamilton Avenue, Suite 203
    White Plains, New York 10601
    Tel: (914) 798-5410
    Fax: (914) 798-5401
    fciano@goldbergsegalla.com
    rvarga@goldbergsegalla.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **THIRD AMENDED COMPLAINT** was served via regular mail on this 21st day of April, 2008, upon:

David S. Versfelt, Esq.
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
**ATTORNEYS FOR DEFENDANT**
**KATE'S PAPERIE, LTD.**
599 Lexington Avenue
New York, New York 10022

_____
Robert Varga, Esq. (RV - 0636)

108520.1

# Exhibit A



PLAINTIFF'S
EXHIBIT

Letter of Intent

between

**Kate's Paperie LTD and Affiliates.,**

hereinafter named "Kate's"
and

**Kolo Retail, LLC,**

hereafter named "Kolo"

The following confirms the understanding for which the parties have agreed to in principal to enter into a contract hereinafter called ("Agreement") for Kolo to lease retail space from Kate's Paperie, LLC and to operate a retail store within each of three Kate's stores. It is intended that the parties will enter into a more formal agreement on the following terms of the contract within a reasonable time.

1. **Locations and Demised Premises** - Kate's commits to Kolo to provide rental space in the following three of it's Manhattan, NY locations; Spring Street, 3rd Avenue, and 57th Street. Kolo Retail, LLC is hereby committing to displaying and selling products only within the dedicated space. The size of each location shall vary between 250 square feet to 450 square feet. The attached Addendum (A) defines the agreed upon space at the Spring Street Store. Layout and drawings showing such dedicated space is attached hereto in Addendum (A). Together with and at the same time as this Agreement is entered into, the parties will also conclude a rental agreement, and Kate's will provide Kolo a consent from the current landlord(s) for such rights to sub-lease.

2. **Fixtures, Furnishings & Equipment** - Fixtures, furnishings and equipment such as displays, computers, tables, etc. shall be completely provided by and owned by Kolo. Other improvements or build out shall be discussed and agreed upon between the parties at a later date.

3. **Commencement** - The commencement of the first Kolo retail store within the Kate's store concept will begin on or around June 1, 2007 located on Spring Street. The other locations, 3rd Avenue and 57th Street, will commence approximately one month thereafter. Both parties shall begin discussions to come to a mutual agreement to the specific locations for the 3rd Avenue and 57th Street locations by June 1, 2007. Notwithstanding the above, should both parties fail to mutually agree to the locations of the other Kate's stores then Kolo shall have the right to terminate the Agreement, vacating the Spring Street location, by giving a 30 day notice to Kate's.

4. **Staff and Payroll Expenses** - Kolo shall provide its own representatives, employees and staff to operate each store within Kate's store. Both parties have agreed that in the event it becomes necessary to utilize Kate's staff, whether on a part-time or full-time basis, Kolo shall reimburse Kate's for any payroll expenses.

5. **Inventory** - Upon commencement of each location, starting with the Spring Street location, Kolo will agree to accept responsibility of the current inventory that Kate's provides to Kolo for that location. All inventory must be in saleable condition when provided by Kate's. At the time of commencement, for each additional store, Kolo will issue a credit memo to Kate's for receiving such qualified inventory.

6. **Insurance** - Kolo will agree to insure all contents inside the demised premises.

7. **Compensation** - Each location shall have its own profit and loss projections and compensation schedule which will describe the amount to be paid to Kate's. It is agreed that each compensation schedule will be attached as an additional addendum and made apart of the Agreement. The compensation schedule for Spring Street is also attached hereto in Addendum (A). Kolo shall compensate Kate's according to the compensation schedule set forth in Addendum (A) for the Spring Street location and according to future addendums for the other locations as they are agreed upon. Each location shall have its own projections and compensation schedule which shall describe the amount to be paid to Kate's. It is agreed that each compensation schedule will be attached as an additional addendum and made apart of the Agreement. Compensation to Kate's will be in the form of base rental income plus an additional royalty income which formula is also set forth in the compensation schedule and attached to the Agreement.

8. **Term** - The term of each sub-lease will be for one year from the commencement date. Kolo shall retain the right to renew each sub-lease for an additional one year period, and each year thereafter as it becomes due by giving 60 day notice to Kate's prior to the termination date.

9. **Confidentiality** - Both parties agree to keep all information about the terms of this Agreement confidential. Both parties also acknowledge that they have signed a Mutual Confidentiality Agreement prior to entering into this Agreement stating to keep all information confidential.

By signing below each party agrees and conscents to the above mention terms and agrees to act in good faith to complete the negotiations for addtional terms which will be set forth in the Agreement.

Kolo Retail, LLC

_____

By it's                                    Date

Kate's Paperie LTD and Affilitates

_____

By it's                                    Date







**Kolo Store at the new SOHO location**

April 2007









# SOHO Proposal (Basic Terms)

1. Lease Term – One Year

2. Lease Options – Kolo has the right to (3) One Year Options.

3. Right to Terminate – Kate's has the right to terminate the agreement after the first year, and each year thereafter, unless Kolo continues to pay Kate's a minimum of $140/Per Square Foot plus 6% Royalty.

4. Kolo will provide Kate's with monthly POS Data.

5. Kolo will pay Kate's monthly rental payments according to the financial prospoal enclosed.

6. Kolo will pay Kate's monthly royalty payments according to the financial proposal enclosed.

7. Kate's will provide Kolo with landlord's consent to the sub-lease and a non-disturbance.

KOLO

# Financial Proposal

1. Starting Rent Per Square Foot - $75.00

2. Starting Royalty - 6%

3. Royalty Increases – Royalties increase according to the following revenue schedule;
   Net Sales of $250,000 to $449,000 – 6%
   Net Sales of $450,000 to $649,000 – 10%
   Net Sales of $$650,00 and up – 11%

4. Rent Increases – Rent increases according to the following revenue schedule;
   Net Sales of $250,000 – $75/Sq.Ft.
   Net Sales of $350,000 – $79/Sq.Ft.
   Net Sales of $450,000 – $83/Sq.Ft.
   Net Sales of $550,000 – $90/Sq.Ft.
   Net Sales of $650,000 – $100/Sq.Ft.
   Net Sales of $750,000 – $135/Sq.Ft.

# Financial Forecast

## Escalations

| | | | | | | |
|---|---|---|---|---|---|---|
| Annual Retail Sales | $250,000 | $350,000 | $450,000 | $550,000 | $650,000 | $750,000 |
| Sales/sq. ft | $556 | $778 | $1,000 | $1,222 | $1,444 | $1,667 |
| Rent/Sq.Ft. | $75 | $79 | $83 | $90 | $100 | $135 |
| Royalty | 6% | 6% | 10% | 10% | 11% | 11% |

KOLO



Comparison of Kate's profitability under the existing vs. new model



# Comparative analysis of net income projections

| | | | | | |
|---|---|---|---|---|---|
| Annual Retail Sales | $250,000 | $ 350,000 | $ 450,000 | $ 550,000 | $ 650,000 | $ 750,000 |
| Annual Net Retail Sales | $242,500 | $ 339,500 | $ 436,500 | $ 533,500 | $ 630,500 | $ 727,500 |
| Kates Total Revenues (Roy. & Rent) | | | | | | |
| Kates Operating Expenses | $48,300 | $55,808 | $80,859 | $93,850 | $114,355 | $140,775 |
| **Kates Net Operating Income** | $62,487 | $62,487 | $62,487 | $62,487 | $62,487 | $62,487 |
| Kolo Gross Profit | -$14,187 | -$6,680 | $18,372 | $31,363 | $51,868 | $78,288 |
| Kolo Operating Expenses | $126,382 | $176,935 | $210,028 | $256,701 | $297,069 | $342,771 |
| **Kolo Net Income** | $151,703 | $167,455 | $183,292 | $200,648 | $219,213 | $249,028 |
| | -$33,654 | $1,146 | $18,402 | $47,719 | $69,522 | $85,410 |

# Exhibit C

82JFKOLH.txt

82JFKOLC                        Hearing                              1

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    KOLO, LLC,

4                    Plaintiff,

5              v.                        07 CV 10653 (CM)

6    KATE'S PAPERIE, LTD.,

7                    Defendant.

8    ------------------------------x
                                        New York, N.Y.
9                                       February 19, 2008
                                        10:10 a.m.
10
     Before:
11
                    HON. COLLEEN MCMAHON,
12
                                        District Judge
13
                            APPEARANCES
14
     GOLDBERG SEGALLA, LLP
15        Attorney for Plaintiff
     ROBERT VARGA
16
     K&L GATES
17        Attorneys for Defendant
     DAVID S. VERSFELT
18   ELIZABETH HARRIS
     DONALD DERFNER
19

20

21

22

23

24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

     82JFKOLC                    Hearing                         2

                            Page 1

82JFKOLH.txt

21  ambiguity in a contract, it's not admissible.  So what you do

22  is you look at the objective evidence, if there is any, to

23  clear up any ambiguity.  In this particular case with one

24  exception, the objective evidence supports Kolo's reading, not

25  your reading.


SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

82JFKOLC                    Werner - redirect                      74

1        MR. DERFNER:  However --

2        MR. VERSFELT:  with one exception.

3        MR. DERFNER:  There is nothing that clearly states

4  that the rental is $75 per square foot on an annual basis and

5  it's unrebutted, unrebutted --

6        THE COURT:  Okay, I hear what you're saying.  I just

7  disagree with you.

8        MR. DERFNER:  You're not going to construe it against

9  Kolo.

10        THE COURT:  It needs to be construed by Kolo, there's

11  no question about that.  Okay, I think you should all go to

12  lunch and come back at 2:00.

13                             oOo

14                     AFTERNOON SESSION

15                        (4:10 p.m.)

16        THE DEPUTY CLERK:  Hearing continued, plaintiff and

17  defendants are present.

18        THE COURT:  This can be brief.  Notwithstanding my

19  initial information, which was that the Anti-Injunction Act

20  would not prohibit this proceeding because I had a pre-existing

21  case and the Anti-Injunction Act, of course, does not apply

22  where it is necessary in aid of the jurisdiction of this court,

23  I have concluded based on some additional research that I'm

Page 68

82JFKOLH.txt

24    going to have to deny the application for a preliminary

25    injunction under 22, United States Code, Section 2283, the

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

82JFKOLC                    Werner - redirect                    75

1    Federal Anti-Injunction Act, because under the circumstances

2    here present, the injunction is not necessary in aid of the

3    jurisdiction of the court, a highly technical term.  I don't

4    need to get into that, I'm just denying the motion for a

5    preliminary injunction and it's on anti injunction grounds.

6    which means you all are going to go to the Civil Court, and as

7    I have explained to the parties, that means that a judge in the

8    Civil Court ultimately will make the call as to whether or not

9    there is a lease.

10           I've seen, thanks to Kate's, which supplied me with a

11   copy, a copy of the notice of petition.  The holdover

12   proceeding clearly appears to be grounded in a theory of Kolo

13   being a month-to-month tenant and not having a lease, which I

14   suppose means that Kolo's defense is going to be that it does

15   have a lease and the lease runs to the 31st of May, and,

16   therefore, the Civil Court is without jurisdiction to entertain

17   a holdover proceeding.  The Civil Court can take care of that,

18   they see these things all the time, but a decision that the

19   Civil Court is without jurisdiction will necessarily be a

20   decision that there is no lease, or that there is a lease, and

21   a decision to go ahead is clearly a decision that there is no

22   lease and that's where that decision is going to be made, and

23   you all litigated it, so it's going to be binding here.  And it

24   will resolve a lot of issues that we see looming in the future.

25           There are a lot of issues looming in the future, and

Page 69

82JFKOLH.txt

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

82JFKOLC                   Werner - redirect                    76

1    you all would do well to get a divorce.  I have talked to the
2    lawyers about my personal views based on what I have seen and
3    heard so far, which is a not insignificant amount, about the
4    pending case before me, and, you know, all I can say is you all
5    would have been in much better shape, I mean, both of you, if
6    you used lawyers to begin with and you should listen to your
7    lawyers now.
8            Okay.  You all want to get your marked exhibits, I
9    think you should take your marked exhibits.  All right.  Thank
10   you.
11           MR. VERSFELT:  Thank you, your Honor.
12           MR. VARGA:  Thank you, your Honor.
13           (Adjourned)
14
15
16
17
18
19
20
21
22
23
24
25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

77

# Exhibit D

# SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT:  **HON. MARTIN SHULMAN**                    PART __1__

*Justice*

Kolo Retail, LLC

INDEX NO. __601207/08__

MOTION DATE _____

- v -

MOTION SEQ. NO. __001__

Kate's Paperie, Ltd.

MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

|  | PAPERS NUMBERED |
|---|---|
| ~~Notice of Motion~~/ Order to Show Cause — Affidavits — Exhibits .1 ~ 7 | 1, 2 |
| Answering Affidavits — Exhibits _____ |  |
| Replying Affidavits _____ |  |

Cross-Motion: ☐ Yes ☒ No

Upon the foregoing papers, it is ordered that ~~this motion~~ after oral argument of plaintiff's application for a temporary restraining order, the court declines to sign the within order to show cause.

**FILED**

APR 25 2008

COUNTY CLERK'S OFFICE
NEW YORK

*MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):*

Dated: APR 2 3 2008

_____
Martin Shulman, J.S.C.

Check one:  ☐ FINAL DISPOSITION   ☒ NON-FINAL DISPOSITION

Check if appropriate:  ☐ DO NOT POST   ☐ REFERENCE

# Exhibit E

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: _____ *Shulman* _____                    PART __1__

Justice

_Kolo Retail, LLC_                    INDEX NO. __601207/08__

- v -                                 MOTION DATE _____

_Kate's Paperie, LTD._                MOTION SEQ. NO. __02__

                                      MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion for _____

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... _____

Answering Affidavits — Exhibits _____

Replying Affidavits _____

**FILED**

MAY 07 2008

COUNTY CLERK'S OFFICE
NEW YORK

**Cross-Motion:** ☐ Yes   ☐ No

Upon the foregoing papers, it is ordered that ~~this motion~~ the court declines to sign the within order to show cause. Plaintiff's concerns can and should be addressed and disposed of in the pending holdover proceeding. See, e.g. _Post v. 120 East End Ave. Corp._, 62 NY2d 19, 28 (1984).

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Dated: ~~original~~ May 2, 2008

_____ **MARTIN SHULMAN** _____  J.S.C.
J.S.C.

Check one: ☐ FINAL DISPOSITION   ☒ NON-FINAL DISPOSITION

Check if appropriate: ☐ DO NOT POST   ☐ REFERENCE

# Exhibit F

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: Part 52/59
-----------------------------------------X
KATE'S PAPERIE, LTD. p/k/a K.P. LLC,

                  Petitioner(s),        **DECISION AND ORDER**
                                                     Index No.: 54533/08

      -against-

KOLO RETAIL, LLC,

                  Respondent(s),

"John and/or Jane Doe",

                  Under-respondent(s).
-----------------------------------------X
**Kenney, Joan M., J.**

    After an inquest on March 18, 2008 and after consideration of petitioner's post-inquest memoranda of law, I hereby find and decide that:

    In this commercial landlord/tenant matter, petitioner's[1] request for a judgment of possession, is denied. The petition is fatally defective warranting dismissal of this proceeding.

    Real Property Actions and Proceedings Law (RPAPL) Section 741(2) states, in pertinent part, that the contents of the petition shall "[s]tate the respondent's interest in the premises and his relationship to petitioner with regard thereto." Petitioner failed to comply with this statutory requirement.[2]

    Paragraph 9 of the petition attempts to state the nature

---

[1]Petitioner is the prime tenant of the premises known as 17 Spring Street NYC 10001 (the premises).

[2]It should be noted that this court opined at inquest that absent a clear indication in the pleadings as to the nature of the relationship (pursuant to RPAPL 741), the petition may be defective (see transcript pg 30, lines 18-25, pg 31, line 1).

respondent's interest in the premises by describing it as "any possessory or occupancy interest, claimed right of possession, subtenancy at will, monthly subtenancy, or any other tenancy or subtenancy." Such description is not only vague, but sets forth multiple "possibilities" as to respondent's interest in the premises.

Having failed to state respondent's interest in the premises as statutorily required, in order to maintain the proceeding herein, an inquiry was made as to the nature of the relationship between petitioner and respondent. Petitioner claimed that the substance of the landlord/tenant relationship between the parties was essentially derived from a "letter of intent" (see transcript pg 24, lines 17-19). Petitioner contended that respondent occupied a portion of the premises pursuant to this letter of intent.

This court opined, on the record, that such letter of intent was merely an agreement to agree, and did not set forth any terms and/or conditions, that would lead this court to conclude that there was, in fact, a landlord/tenant relationship that was created as a result of said document.

At inquest, petitioner testified that payments were made after respondent took possession of part of the store. However, petitioner claims that out of the eight or nine months respondent was in possession, respondent only made two payments (see transcript pg. 27 lines 7-12). The instant proceeding, however, is fashioned as a holdover proceeding rather than a non-payment. In any event, it is

2

clear to this court that in as much as respondent's relationship to petitioner, with regard to the premises, is not stated in the pleadings as required by RPAPL § 741, the petition must fail.

This court can conclude that there was some type of financial arrangement and/or agreement between the parties, but this court cannot conclude, based on the testimony, the evidence presented or the notice of petition and petition, that said relationship, was one of a landlord and a tenant. Petitioner simply failed to meet its burden of establishing the existence of such a relationship which would confer jurisdiction upon this court. The post-inquest memorandum of law did not she any light on the issue defining the alleged landlord/tenant relationship between the parties.[3]

Accordingly, it is

ORDERED, that the Notice of Petition and Petition are hereby dismissed.

Dated: April 2, 2008

Civil Court
of the
City of New York
APR 10 2008
ENTERED
NEW YORK COUNTY

E N T E R :

Hon. Joan M. Kenney
J.C.C.

2008 APR 10 AM 11:51
FILED
LANDLORD & TENANT

[3]In support of the existence of a landlord/tenant relationship, petitioner cites two residential landlord/tenant matters which are distinguishable and governed by different applicable statutes and case law, that is not controlling in commercial landlord/tenant matters. Moreover, petitioner cites a case where the substantive arguments made were statutorily superseded.

-3-

# Exhibit G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

KOLO RETAIL, LLC,

                                        Plaintiff,

        -against-

KATE'S PAPERIE, LTD.,

                                        Defendant.

---

Index No.: *601207* /2008

**SUMMONS**

Venue is based on the Residence
of the Defendant

**TO THE ABOVE-NAMED DEFENDANT(S):**

    **YOU ARE HEREBY SUMMONED AND REQUIRED** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with a summons, to serve a notice of appearance, on the plaintiffs' attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after completion of service where service is made in any manner other than by personal delivery within the state.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  White Plains, New York
        April 22, 2008

Respectfully submitted,

By: _____
        Frank J. Ciano, Esq.
        Robert Varga, Esq.
        GOLDBERG SEGALLA LLP
        **ATTORNEYS FOR PLAINTIFF**
        **KOLO RETAIL, LLC**
        170 Hamilton Avenue, Suite 203
        White Plains, New York 10601
        Tel: (914) 798-5410
        Fax: (914) 798-5401
        fciano@goldbergsegalla.com
        rvarga@goldbergsegalla.com

NEW YORK
COUNTY CLERKS OFFICE

APR 22 2008

NOT COMPARED
WITH COPY FILE

GOLDBERG SEGALLA LLP
170 Hamilton Ave., Ste. 203
White Plains, NY 10601

TO:    David S. Versfelt, Esq.
       KIRKPATRICK & LOCKHART
       PRESTON GATES ELLIS LLP
       Attorneys for Defendant
       KATE'S PAPERIE, LTD.
       599 Lexington Avenue
       New York, New York 10022

108457.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

KOLO RETAIL, LLC,

                                    Plaintiff,                    Index No.: _601207_/2008

          -against-                                               **VERIFIED COMPLAINT**

KATE'S PAPERIE, LTD.,

                                    Defendant.

Plaintiff, by its attorneys, GOLDBERG SEGALLA LLP, by way of complaint for declaratory judgment pursuant to C.P.L.R. §3001, against Defendant, KATE'S PAPERIE, LTD., complains of the defendant and alleges upon information and belief as follows:

## PARTIES

1.      The Plaintiff, KOLO RETAIL, LLC (hereinafter "KOLO"), a Delaware limited liability company with a business location at 241 Asylum Street, Hartford, Connecticut 06103, is in the business of selling, on a retail and wholesale basis, photo presentation and storage products, including photo albums, storage boxes, journals and accessories to its customers.

2.      The Defendant, KATE'S PAPERIE, LTD. (hereinafter "KATE'S PAPERIE"), a domestic company organized and existing by virtue of the laws of the state of New York with a principal business located at 460 West 34th Street, New York. New York 10001, is in the business of selling, on a retail basis, paper, journals, desk accessories, photo albums, frames, ribbon, giftwrap, and planners.

GOLDBERG SEGALLA LLP
170 Hamilton Ave., Ste. 203
White Plains, NY 10601

3.      The Defendant, KATE'S PAPERIE, a domestic company organized and existing by virtue of the laws of the state of New York with a principal business located in New York County, is in the business of selling, on a retail basis, paper, journals, desk accessories, photo albums, frames, ribbon, giftwrap, and planners.

## BACKGROUND

4.      On or about May 9, 2007, the parties entered into a Letter of Intent (hereinafter Shop-in-Shop Agreement") for KOLO to sub-lease approximately 450 square feet of the premises located at 72 Spring Street, New York, New York for a period of one year with the right to renew for additional one (1) year terms. The Shop-in-Shop Agreement is attached as Exhibit "1."

5.      On or about May 9, 2007 Mr. Lionel Flax on behalf of KATE'S PAPERIE signed the subject Shop-in-Shop Agreement.

6.      On or about May 9, 2007, by signing said Shop-in-Shop Agreement, Mr. Flax accepted the terms and conditions therein.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT

7.      KOLO repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs enumerated "1" through "6" as if each were more fully set forth at length herein.

8.      On or about May 9, 2007, the parties entered into a Shop-in-Shop Agreement whereby KATE'S PAPERIE agreed to provide KOLO with rental space to operate a retail store

within three (3) KATE'S PAPERIE stores located on Spring Street, 3rd Avenue, and 57th Street in New York, New York.

9.    Further, the Shop-in-Shop Agreement provided that KOLO would begin operating its first retail store within the KATE'S PAPERIE store located at 72 Spring Street, New York, New York on or about June 1, 2007, with the other two locations at 3rd Avenue and 57th Street opening shortly thereafter.

10.    Pursuant to the Shop-in-Shop Agreement, KOLO proceeded in good faith by opening its first retail store at the Spring Street location in anticipation of opening the other two locations shortly thereafter.

11.    On or about June 1, 2007, KOLO opened its first retail store at the 72 Spring Street location.

12.    Despite the agreed upon terms of the Shop-in-Shop Agreement, KATE'S PAPERIE has refused to provide KOLO with rental space in its stores located on 3rd Avenue and 57th Street.

13.    KOLO has performed all of its obligations under the Shop-in-Shop Agreement.

14.    KATE'S PAPERIE has materially breached its contractual obligations by failing to provide KOLO with rental space in the KATE'S PAPERIE stores located on 3rd Avenue and 57th Street, which caused monetary damage to KOLO.

15.    KOLO stands ready, willing, and able to perform the terms of the Shop-in-Shop Agreement and to consummate the transactions contemplated therein and to become a sub-tenant at the 3rd Avenue and 57th Street locations.

16.    KATE'S PAPERIE refuses to perform and is in breach of its obligations under the terms and conditions of the Shop-in-Shop Agreement.

17. On or after April 11, 2008, KATE'S PAPERIE caused a Notice to Vacate Premises to be served upon KOLO, which states that KOLO'S "license to occupy approximately 450 square feet in the premises known as and located at Stores 1 & 2 and part of the Basement in the building at 72 Spring Street, New York, New York (the "Licensed Premises") is hereby revoked as of April 12, 2008." A copy of the Notice to Vacate Premises is attached as Exhibit "2."

18. KOLO is a sub-tenant occupying the subject premises located at 72 Spring Street, New York, New York pursuant to the Shop-in-Shop Agreement and the express permission and consent of KATE'S PAPERIE.

19. As per the Shop-in-Shop Agreement, KOLO'S sub-tenancy is for the initial term of one (1) year with the right to renew for subsequent terms.

20. As per the Shop-in-Shop Agreement, KOLO'S annual rent is $75 per square foot, payable in monthly installments and additional royalty payments as rent based on net annual sales.

21. Since June 1, 2007, KOLO made monthly rental payments to KATE'S PAPERIE, which KATE'S PAPERIE accepted.

22. Upon information and belief, on or about March 14, 2008, KOLO exercised its right under the Shop-in-Shop Agreement and provided notice to KATE'S PAPERIE of its intent to renew the term of the sub-lease for an additional one (1) year period, commencing on June 1, 2008.

23. KOLO is entitled to a declaration that (a) the Shop-in-Shop Agreement is valid and binding upon the parties, (b) that the Shop-in-Shop Agreement created a sub-lease for KOLO to occupy KATE'S PAPERIE'S three (3) stores located at Spring Street, 3rd Avenue and 57th Street, for initial one (1) year terms with the right to renew for subsequent terms, and (c)

KOLO is a subtenant of KATE'S PAPERIE with respect to the 72 Spring Street, New York, New York location and is entitled to possession and occupancy as provided for in the Shop-in-Shop Agreement with the right to renew for three (3) subsequent sub-lease terms of one (1) year each term.

24.    Additionally, KOLO is entitled to a declaration that (a) the Notice to Vacate Premises is null and void because it was served in violation of the terms of the Shop-in-Shop Agreement, (b) KOLO is not a licensee of the subject premises located at 72 Spring Street, New York, New York and, (c) KATE'S PAPERIE'S purported termination of the alleged license is ineffective and null and void.

**WHEREFORE,** the plaintiff demands judgment as follows:

(a)    the Shop-in-Shop Agreement is valid and binding upon the parties;

(b)    that the Shop-in-Shop Agreement created a sub-lease for KOLO to occupy KATE'S PAPERIE'S three (3) stores located at Spring Street, 3rd Avenue and 57th Street, for initial one (1) year terms with the right to renew for subsequent terms;

(c)    KOLO is a subtenant of KATE'S PAPERIE with respect to the 72 Spring Street, New York, New York location and is entitled to possession and occupancy as provided for in the Shop-in-Shop Agreement with the right to renew for three (3) subsequent sub-lease terms of one (1) year each term;

(d)    the Notice to Vacate Premises is null and void because it was served in violation of the terms of the Shop-in-Shop Agreement;

(e)    KOLO is not a licensee of the subject premises located at 72 Spring Street, New York, New York;

(f)    KATE'S PAPERIE'S purported termination of the alleged license is ineffective and null and void;

(g)    costs, expenses and reasonable attorney's fees incurred by Plaintiff;

(h)    providing such other and further relief as this court deems just and proper.

Dated: White Plains, New York
       April 22, 2008

Respectfully submitted,

By: _____
     Frank J. Ciano, Esq.
     Robert Varga, Esq.
     GOLDBERG SEGALLA LLP
     **ATTORNEYS FOR PLAINTIFF**
     **KOLO RETAIL, LLC**
     170 Hamilton Avenue, Suite 203
     White Plains, New York 10601
     Tel: (914) 798-5410
     Fax: (914) 798-5401
     fciano@goldbergsegalla.com
     rvarga@goldbergsegalla.com

TO:    David S. Versfelt, Esq.
       KIRKPATRICK & LOCKHART
       PRESTON GATES ELLIS LLP
       Attorneys for Defendant
       KATE'S PAPERIE, LTD.
       599 Lexington Avenue
       New York, New York 10022

## ATTORNEY VERIFICATION

The undersigned, ROBERT VARGA, an attorney admitted to practice in the Courts of the State of New York, affirms:

I am the attorney of record for KOLO RETAIL, LLC, the Plaintiff in the within action; I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

The grounds for my belief as to all matters not stated upon my knowledge are investigations, which I have made or have caused to be made concerning the subject matter of this action, and statements of parties and/or witnesses made herein.

This verification is made by affirmation because KOLO RETAIL, LLC resides in a jurisdiction outside the county where the affirmant maintains his office.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: White Plains, New York
April 22, 2008

_____
ROBERT VARGA

1


PLAINTIFF'S
EXHIBIT
/

Letter of Intent

between

**Kate's Paperie LTD and Affiliates.,**

hereinafter named "Kate's"
and

**Kolo Retail, LLC,**

hereafter named "Kolo"

The following confirms the understanding for which the parties have agreed to in principal to enter into a contract hereinafter called ("Agreement") for Kolo to lease retail space from Kate's Paperie, LLC and to operate a retail store within each of three Kate's stores. It is intended that the parties will enter into a more formal agreement on the following terms of the contract within a reasonable time.

1. **Locations and Demised Premises** - Kate's commits to Kolo to provide rental space in the following three of it's Manhattan, NY locations; Spring Street, 3rd Avenue, and 57th Street. Kolo Retail, LLC is hereby committing to displaying and selling products only within the dedicated space. The size of each location shall vary between 250 square feet to 450 square feet. The attached Addendum (A) defines the agreed upon space at the Spring Street Store. Layout and drawings showing such dedicated space is attached hereto in Addendum (A). Together with and at the same time as this Agreement is entered into, the parties will also conclude a rental agreement, and Kate's will provide Kolo a consent from the current landlord(s) for such rights to sub-lease.

2. **Fixtures, Furnishings & Equipment** - Fixtures, furnishings and equipment such as displays, computers, tables, etc. shall be completely provided by and owned by Kolo. Other improvements or build out shall be discussed and agreed upon between the parties at a later date.

3. **Commencement** - The commencement of the first Kolo retail store within the Kate's store concept will begin on or around June 1 2007 located on Spring Street. The other locations, 3rd Avenue and 57th Street, will commence approximately one month thereafter. Both parties shall begin discussions to come to a mutual agreement to the specific locations for the 3rd Avenue and 57th Street locations by June 1, 2007. Notwithstanding the above, should both parties fail to mutually agree to the locations of the other Kate's stores then Kolo shall have the right to terminate the Agreement, vacating the Spring Street location, by giving a 30 day notice to Kate's.

4. **Staff and Payroll Expenses** - Kolo shall provide its own representatives, employees and staff to operate each store within Kate's store. Both parties have agreed that in the event it becomes necessary to utilize Kate's staff, whether on a part-time or full-time basis, Kolo shall reimburse Kate's for any payroll expenses.

5. **Inventory** - Upon commencement of each location, starting with the Spring Street location, Kolo will agree to accept responsibility of the current inventory that Kate's provides to Kolo for that location. All inventory must be in saleable condition when provided by Kate's. At the time of commencement, for each additional store, Kolo will issue a credit memo to Kate's for receiving such qualified inventory.

6. **Insurance** - Kolo will agree to insure all contents inside the demised premises.

7. **Compensation** - Each location shall have its own profit and loss projections and compensation schedule which will describe the amount to be paid to Kate's. It is agreed that each compensation schedule will be attached as an additional addendum and made apart of the Agreement. The compensation schedule for Spring Street is also attached hereto in Addendum (A). Kolo shall compensate Kate's according to the compensation schedule set forth in Addendum (A) for the Spring Street location and according to future addendums for the other locations as they are agreed upon. Each location shall have its own projections and compensation schedule which shall describe the amount to be paid to Kate's. It is agreed that each compensation schedule will be attached as an additional addendum and made apart of the Agreement. Compensation to Kate's will be in the form of base rental income plus an additional royalty income which formula is also set forth in the compensation schedule and attached to the Agreement.

8. **Term** - The term of each sub-lease will be for one year from the commencement date. Kolo shall retain the right to renew each sub-lease for an additional one year period, and each year thereafter as it becomes due by giving 60 day notice to Kate's prior to the termination date.

9. **Confidentiality** - Both parties agree to keep all information about the terms of this Agreement confidential. Both parties also acknowledge that they have signed a Mutual Confidentiality Agreement prior to entering into this Agreement stating to keep all information confidential.

By signing below each party agrees and consents to the above mention terms and agrees to act in good faith to complete the negotiations for addtional terms which will be set forth in the Agreement.

Kolo Retail, LLC

_____
By it's                                          Date

Kate's Paperie LTD and Affilitates

_____
By it's                                          Date







**Kolo Store at the new SOHO location**

April 2007









# SOHO Proposal (Basic Terms)

1. Lease Term – One Year

2. Lease Options – Kolo has the right to (3) One Year Options.

3. Right to Terminate – Kate's has the right to terminate the agreement after the first year, and each year thereafter, unless Kolo continues to pay Kate's a minimum of $140/Per Square Foot plus 6% Royalty.

4. Kolo will provide Kate's with monthly POS Data.

5. Kolo will pay Kate's monthly rental payments according to the financial prosposal enclosed.

6. Kolo will pay Kate's monthly royalty payments according to the financial proposal enclosed.

7. Kate's will provide Kolo with landlord's consent to the sub-lease and a non-disturbance.

KOLO

# Financial Proposal

1. Starting Rent Per Square Foot - $75.00

2. Starting Royalty - 6%

3. Royalty Increases – Royalties increase according to the following revenue schedule;
   Net Sales of $250,000 to $449,000 – 6%
   Net Sales of $450,000 to $649,000 – 10%
   Net Sales of $$650,00 and up – 11%

4. Rent Increases – Rent increases according to the following revenue schedule;
   Net Sales of $250,000 – $75/Sq.Ft.
   Net Sales of $350,000 – $79/Sq.Ft.
   Net Sales of $450,000 – $83/Sq.Ft.
   Net Sales of $550,000 – $90/Sq.Ft.
   Net Sales of $650,000 – $100/Sq.Ft.
   Net Sales of $750,000 – $135/Sq.Ft.

# Financial Forecast

## Escalations

| | $250,000 | $350,000 | $450,000 | $550,000 | $650,000 | $750,000 |
|---|---|---|---|---|---|---|
| Annual Retail Sales | | | | | | |
| Sales/sq. ft | $556 | $778 | $1,000 | $1,222 | $1,444 | $1,667 |
| Rent/Sq.Ft | $75 | $79 | $83 | $90 | $100 | $135 |
| Royalty | 6% | 6% | 10% | 10% | 11% | 11% |

KOLO

# Comparison of Kate's profitability under the existing vs. new model



| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Sales | $155,000 | $250,000 | $350,000 | $450,000 | $550,000 | $650,000 | $750,000 | |
| Net Sales | $150,350 | $242,500 | $339,500 | $436,500 | $533,500 | $630,500 | $727,500 | 97% |
| Gross Margin | $78,182 | $126,100 | $176,540 | $226,980 | $277,420 | $327,860 | $378,300 | 52% |
| **Operating Expenses** | | | | | | | | |
| Store Operating Expenses | $48,112 | $77,600 | $108,640 | $139,680 | $170,720 | $201,760 | $232,800 | 32% |
| Corporate Overhead | $16,539 | $26,675 | $37,345 | $48,015 | $58,685 | $69,355 | $80,025 | 11% |
| Total Operating Expenses | $64,651 | $104,275 | $145,985 | $187,695 | $229,405 | $271,115 | $312,825 | 43% |
| | | | | | | | | |
| EBITDA | $13,532 | $21,825 | $30,555 | $39,285 | $48,015 | $56,745 | $65,475 | 9% |
| Depreciation & Amortization | $3,007 | $4,850 | $6,790 | $8,730 | $10,670 | $12,610 | $14,550 | 2% |
| EBIT | $10,525 | $16,975 | $23,765 | $30,555 | $37,345 | $44,135 | $50,925 | 7% |
| Other Income and Expenses | $4,511 | $7,275 | $10,185 | $13,095 | $16,005 | $18,915 | $21,825 | 3% |
| Net Income | $6,014 | $9,700 | $13,580 | $17,460 | $21,340 | $25,220 | $29,100 | 4% |
| Future Net Income | $(6,014) | $(14,187) | $(6,680) | $18,372 | $31,363 | $51,868 | $78,288 | |
| Difference | $(6,014) | $(23,887) | $(20,260) | $912 | $10,023 | $26,648 | $49,188 | |
| Future Net Income % | | 4% | 6% | 6% | 8% | 11% | 11% | |

Net income under existing model

Net income under new model

Net Retail Sales

$242,500   $339,500   $436,500   $533,500   $630,500   $727,500

$9,700   $13,580   $17,460   $21,340   $25,220   $29,100

$78,288   $51,868   $31,363   $18,372   $(6,680)   $(14,187)

$(6,014)

KoLo

# Comparative analysis of net income projections

| | | | | | | |
|---|---|---|---|---|---|---|
| Annual Retail Sales | $250,000 | $350,000 | $450,000 | $550,000 | $650,000 | $750,000 |
| Annual Net Retail Sales | $242,500 | $339,500 | $436,500 | $533,500 | $630,500 | $727,500 |
| Kates Total Revenues (Roy. & Rent) | $48,300 | $55,808 | $80,859 | $93,850 | $114,355 | $140,775 |
| Kates Operating Expenses | $62,487 | $62,487 | $62,487 | $62,487 | $62,487 | $62,487 |
| Kates Net Operating Income | -$14,187 | -$6,680 | $18,372 | $31,363 | $51,868 | $78,288 |
| Kolo Gross Profit | $126,382 | $176,935 | $210,028 | $256,701 | $297,069 | $342,771 |
| Kolo Operating Expenses | $151,703 | $167,455 | $183,292 | $200,648 | $219,213 | $249,028 |
| Kolo Net Income | -$33,654 | $1,146 | $18,402 | $47,719 | $69,522 | $85,410 |



KOLO

2

## NOTICE TO VACATE PREMISES

To:    Kolo Retail, LLC, Occupant of a portion of Premises, 72 Spring Street, New York, New York 10001, and all persons occupying the Premises with or through you.

PLEASE TAKE NOTICE that your license to occupy approximately 450 square feet in the premises known as and located at Stores 1 & 2 and part of the Basement in the building at 72 Spring Street, New York, New York (the "Licensed Premises") is hereby revoked as of April 12, 2008.

PLEASE TAKE FURTHER NOTICE that on or before April 22, 2008, you and all other persons occupying the Licensed Premises are required to vacate the Licensed Premises, because you are in occupancy thereof as a licensee of Kate's Paperie, LLC (formerly known as K.P., LLC), the person entitled to the possession of the premises at the time the license was granted on June 1, 2007, and your license to occupy the Licensed Premises has been revoked.

PLEASE TAKE FURTHER NOTICE that if you fail to vacate or surrender the Licensed Premises, the undersigned will institute a summary proceeding to evict you.

Dated: New York, New York
    April 11, 2008

KATE'S PAPERIE, LLC (formerly known as K.P., LLC)

By: _____
    A. Curts Cooke
    Lessee Entitled to Possession

# Exhibit H

04/11/2008  09:01    6023055501                    LEGACY GOLF RESORT                    PAGE   02

# NOTICE TO VACATE PREMISES

To:    Kolo Retail, LLC, Occupant of a portion of Premises, 72 Spring Street, New York, New York 10001, and all persons occupying the Premises with or through you.

PLEASE TAKE NOTICE that your license to occupy approximately 450 square feet in the premises known as and located at Stores 1 & 2 and part of the Basement in the building at 72 Spring Street, New York, New York (the "Licensed Premises") is hereby revoked as of April 12, 2008.

PLEASE TAKE FURTHER NOTICE that on or before April 22, 2008, you and all other persons occupying the Licensed Premises are required to vacate the Licensed Premises, because you are in occupancy thereof as a licensee of Kate's Paperie, LLC (formerly known as K.P., LLC), the person entitled to the possession of the premises at the time the license was granted on June 1, 2007, and your license to occupy the Licensed Premises has been revoked.

PLEASE TAKE FURTHER NOTICE that if you fail to vacate or surrender the Licensed Premises, the undersigned will institute a summary proceeding to evict you.

Dated: New York, New York
       April 11, 2008

                                KATE'S PAPERIE, LLC (formerly known as
                                K.P., LLC)


                                By:_____
                                     A. Curts Cooke
                                Lessee Entitled to Possession