UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
KOLO, LLC,                                          :
                    Plaintiff,        :
                                 :
  -against-                                       :        1:07-cv-10653 (CM)
                                 :
KATE'S PAPERIE, LTD.,                         :
                                 :
                    Defendant.     :
------------------------------------------------------X

**PLAINTIFF'S REPLY IN FURTHER SUPPORT
OF MOTION FOR EXTENSION OF TIME
TO RESPOND TO DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S THIRD AMENDED COMPLAINT**

      The Plaintiff, **KOLO LLC,** hereby respectfully replies to the Response of Kate's Paperie (Document No. 39) to Kolo's Motion for an Extension of Time (Document No. 38) to respond to the Kate's Motion to Strike Plaintiff's Third Amended Complaint (Document No. 34).

      1.     The assertions of attorney David Versfelt contained in Paragraph 1 of Kate's Response are inaccurate and incorrect.

      2.     Mr. Versfelt's assertion that the undersigned advised Judge Matthew Cooper of the undersigned's desire to resolve only one of the several disputes between the parties is mistaken.  Despite good faith negotiation efforts,  the parties  have not yet been able to agree on the financial value of resolving all cases at once.  This disagreement  is the focus of the upcoming negotiations.  Nevertheless, it is the intention and hope of the undersigned that *all* of the disputes between Kate's Paperie and Kolo LLC can be resolved in the upcoming negotiations before Judge Cooper. [emphasis added].  Indeed, it is for this very reason that the undersigned is going to appear before Judge Cooper on Friday May 23rd  to continue attempts to resolve all matters.

1

3. This intention was clearly communicated to Judge Cooper during the phone call described by Mr. Versfelt (a call, it is worth noting, in which Mr. Versfelt did not participate).

4. Mr. Versfelt's personal, *ad hominem* attacks on the undersigned (also contained in Paragraph 1 of Kate's Response) will not be the subject of Kolo's reply.

5. The obvious heart of Kolo's request for an extension of time is judicial economy: negotiations aimed at resolving all cases are underway. Even if the negotiations scheduled for May 23rd are not successful, it is anticipated that a trial of the Civil Court action will be commenced and completed within two (2) weeks. It is expected that negotiations to resolve all issues will continue during – and will be substantially effected by – this trial.

6. Kolo submits that the most efficient manner to resolve all disputes is to focus on the negotiations in the Civil Court action – and the trial of that action – in an immediate effort to reach final resolution. The requested extension will achieve that goal.

7. To be certain, the current due date of Kolo's response (coming the day after the National Holiday of Memorial Day) also factors into Kolo's request for an extension. Nevertheless, the requested extension if primarily founded upon concerns of economy and expedience.

8. Importantly, Kate's has not claimed any prejudice that will result if the extension requested by Kolo LLC is granted.

9. In fact, Kate's Paperie will *not* be prejudiced if Kolo's requested extension is granted: the 30-day period requested is reasonable and brief, and (as demonstrated by Kolo's motion papers) there is a rational and good-faith basis for the requested extension.

10. Since the extension requested by Kolo LLC is reasonable, rational, will promote judicial economy and will not result in any prejudice, Kolo LLC respectfully submits that it

should be granted.

**WHEREFORE**, plaintiff **KOLO LLC** respectfully moves this Honorable Court to grant extension of time for the Plaintiff to respond to the Defendant's Motion to Strike Plaintiff's Third Amended Complaint (Document No. 34), currently due May 27, 2008, for thirty (30) days, up to and including June 26th, 2008, or until such other time as the Court deems just and proper.

Respectfully submitted,

GOLDBERG SEGALLA, LLP

/s/ Brian T. Stapleton, Esq.
Brian T. Stapleton, Esq. (BS 5640)
Frank J. Ciano, Esq. (FC 4981)
***Attorneys for Plaintiff KOLO, LLC***
170 Hamilton Avenue, Suite 203
White Plains, NY 10601
(914) 798-5400 – Telephone
(914) 798-5401 – Facsimile
bstapleton@goldbergsegalla.com

112008.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 21st, 2008, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing. Notice of this filing was will be sent by e-mail to all parties by operation of the Court's electronic filing system  or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David Versfelt, Esq. (DV 8935)
Elizabeth M. Harris, Esq. (EH 4368)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS, LLP
599 Lexington Ave.
New York, NY 10022
(212) 536-3900 – Tel
(212) 536-3901 – Fax
david.versfelt@klgates.com
elizabeth.harris@klgates.com
*Attorneys for Defendant*
*KATE's PAPERIE, LTD.*

                                         /s/  Brian T. Stapleton, Esq.
                                         Brian T. Stapleton, Esq. (BS 5640)

112008.1